S. Perkins v. W. G. Ermel.

*Error from Shawnee County.*

|  |  |
|---|---|
| 2 | 325 |
| 44 | 713 |
| 2 | 325 |
| 56 | 541 |

When the plaintiff sets up an indebtedness on the sale of a carriage and the answer of defendant contains, first, a general denial, and second, an allegation that defendant had delivered to plaintiff an order drawn upon third parties for the amount which the plaintiff had accepted in lieu of payment of his claim, *held* that under Sec. 277, Civil Code, the defendant below had not the right of opening the case and introducing evidence on his part first.

A general denial under the Code is equivalent to the plea of the general issue at Common Law, and traverses every material allegation of the petition and puts the plaintiff upon the proof of his cause of action.

The proper evidence to prove the amount of a written order is the writing itself; until that is produced or its absence accounted for, parole evidence thereof is incompetent.

The right to open and close the argument is governed by the same rule as the production of testimony.

It is difficult if not impossible, for a legislature or a reviewing tribunal to define the limits within which counsel must confine their arguments.

Where the record shows that comments were made to the jury on an affidavit for a continuance in the case, not introduced in evidence, but where what comments, or when made, or that they were prejudicial to the adverse party, do not appear, the Supreme Court will presume the Court below exercised the proper judicial discretion, and will not on that ground disturb the judgment.

In a civil case when an affidavit on a motion for a new trial in the Court below, shows the mere fact of some of the jurors being for a time separated from their fellows, it is *doubted* whether such showing is sufficient to set aside the verdict; *doubted* whether the affidavit of a juryman is admissible for the purposes of explanation, but *held* that no explanation was required.

The petition in the case below contained a cause of action for $200, the value of a carriage sold by plaintiff below (defendant in error,) to defendant below, (plaintiff in error). The answer contained 1st, a general denial, and 2d, that before the commencement of this suit the defendant executed and delivered to said plaintiff an order at his request on D. D. W. and others, for the sum of two hundred dollars, in full payment for the carriage men-

tioned, and that plaintiff received and accepted the same in full payment.

The defendant claimed the right under the issue to open the case and produce his evidence first, to which plaintiff objected, and was sustained therein under exceptions of defendant below.

The defendant below on the trial was sworn as a witness for himself as to the agreement for the carriage, and that the plaintiff below agreed to take the order mentioned, stating its nature. His counsel thereupon, asked him to state to the jury whether or not he drew and delivered to the plaintiff such an order as he agreed to give, and to give the amount thereof, to which the plaintiff's counsel objected, which objections were by the Court sustained under exceptions.

At the close of the evidence, the defendant claimed the right to open and close the argument, to which plaintiff objected. The Court sustained the objection which ruling was excepted to.

The bill of exceptions sets forth that the Court allowed the plaintiff to comment on the contents of the affidavit filed for a continuance giving it, and which was not in evidence otherwise than as a paper in the case, to which defendant objected, and was overruled therein and exceptions made. The verdict was in favor of plaintiff for $237.50, and judgment entered.

A motion was made by defendant for a new trial, founded on affidavits, to the effect that after said jury had retired under the charge to consider of their verdict, one of the said jurors withdrew from the rest of the jury and remained away from the room for the space of about a half hour. The juror mentioned made affidavit averring matters, explaining his absence.

The motion for a new trial was overruled, to which ruling the defendant below excepted and brings his case on appeal to this Court on the record, and his bill of exceptions.

*Douthitt and Greer*, for plaintiff in error.

*D. & J. Brockway*, for defendant in error.

*Douthitt and Greer* submitted the following for plaintiff in error:

1st.   The plaintiff in error (defendant in the Court below,) waived the general denial by his plea of payment, because he admits in the latter what he denies in the former, the two being inconsistent, he cannot have the benefit of both.   *Swan's Plead. and Prac.*, 267.

The plea of payment confesses the plaintiff's cause of action, and dispenses with all proof in support of it, but seeks to avoid it by new matter.   (1 *Chitty's Plead.*, 507.) And the plaintiff in the Court below, (and defendant in error,) by denying the plea of payment threw the *onus* on the defendant, and had no evidence been introduced on either side, the plaintiff would have been entitled to judgment.   *Civil Code, Sec.* 396.

Upon the issue thus presented by the pleadings, the plaintiff in error held the affirmative, and was by law entitled to open and close, both in the production of his testimony and in the argument to the jury.   1 *Greenleaf's Ev. Sec.* 74; 9 *Ind.*, 189; 10 *id.* 253-339; 12 *id.* 256; *Civil Code, Sec.* 277.

2d.   The Court erred in refusing to allow the plaintiff in error to prove by parole evidence the amount of the order delivered by him to the defendant in error in payment for the carriage.

The Court erred in refusing to allow the plaintiff in error to prove by parole evidence that he drew and delivered to the defendant in error such an order as he agreed to give him in payment for the carriage.   2 *Greenleaf's Evidence, Sec.* 519-520.

3d.   The Court erred in allowing the defendant's counsel in his closing argument to the jury to comment upon

the contents of a paper that had not been offered in evidence.

4th.   As to the misconduct of the jury, *see Mc'Lain* v. *the State,* 10 *Yerger,* 241; *Overbee* v. *Commonwealth,* 1 *Robinson, Va.,* 756; *Hines* v. *the State,* 8 *Humphrey's R.* 297; 9 *Smedes & Marsh,* 465; 13 *id.* 398; 3 *Harris' R.,* 468; 2 *Humph.,* 502; 2d *Pick.,* 469; 7 *N. H.,* 287; 3 *Parker Crim. Cases,* 25.

The case argued by *D. Brockway* on the following points:

1st.   The plaintiff below had the right to open and close the case to the jury.   The first count in the defendant's answer put in issue every material averment in the petition of the plaintiff below.   The burden of proof was therefore on him, to make out the case stated in his petition, and if no testimony had been introduced by either party the plaintiff below must have failed. *Comp. L.,* 169, *Sec.* 277; *Van Deusen* v. *Pomeroy,* 24 *Ill.,* 289; 1 *Greenl. Ev.* 99-100; 11 *N. H.,* 48; 5 *Foster,* 474; *Cow.,* (*N. Y.*) *Jus. Treaties,* 567-8.

2d.   The testimony offered by the defendant below to prove the contents of the order, was properly rejected.   It was not the best evidence.   The instrument itself being in writing was the best evidence to prove its contents.   No effort appears to have been made to produce the order on the trial.   Nothing was shown to excuse its non-production.   The existence of the instrument was in issue, and the rule of law in such cases is, that oral evidence cannot be substituted for the written instrument. 1 *Greenl. Ev., Sec.* 87-88; 1 *Phil. Ev.,* 422-424; *Cow. & Hill's Notes,* 435, n 270-1-2; 47 *Maine,* 447; *Jackson* v. *Freer,* 16 *John.,* 193; *Rogers* v. *Vanhoesen,* 12 *id.* 221.

3d.   There was no error in permitting the counsel for plaintiff below to comment upon the affidavit.   It was a paper which was put on file in the case by the defendant below himself.   But the counsel for the plaintiff below had

Perkins v. Ermel.

a right to *comment* on *any* paper or to read from *any book*, as a matter of argument. (*Corey* v. *Silcox*, 6 *Ind.*, 39.) The counsel for the plaintiff could not be compelled to confine himself in his remarks to the jury, to any particular line or style of argument.

It does not appear what the counsel said, or whether one word was said that could have been prejudicial to the plaintiff in error. The record does not show that the counsel for the defendant below did not *first* comment on the affidavit in his argument to the jury. If he did, that amounted to an assent for the plaintiff's counsel to do the same. Every reasonable intendment is to be made in favor of the judgment. The Court, therefore, must assume that the District Court had good reasons for permitting the counsel to comment on the paper. 6 *Ohio State*, 182; 3 *Cal.*, 148-426; 4 *Iowa*, 146; 6 *Ind.*, 39.

Every doubt about the facts should be turned against the party making the bill of exceptions. 3 *Comstock*, 325; 23 *Illinois*, 338; *McCahn* v. *Hallock*, 30 *Vermont*, 233; 14 *Illinois*, 45-458; 7 *Ohio*, 212; 16 *Texas*, 47-654.

4th. The defendant below was not entitled to a new trial. The affidavit of the juror who separated from the other jurors, shows that the defendant below could not have been prejudiced by the separation of the jury. (4 *Johns.*, 487.) It does not appear that the verdict was contrary to the evidence or wrong in any sense whatever.

*By the Court*, BAILEY, J.

The first point assigned as error in this case, is that, "The Court erred in refusing to the defendant the right of opening the case and introducing evidence in support of the issue on his part first, and in allowing the plaintiff to open the case and introduce evidence on his part first."

The rule by which the Code determines the right to open and close, is very simple, and in most cases easily applied. *See Code, Sec.* 277.

42

" The party who would be defeated if no evidence were given on either side must first produce his evidence."

In the case at bar the petition sets up an indebtedness of $200.00 from defendant to plaintiff, on the sale of a carriage. The defendant sets up two defences in his answer, first, a general denial, and second, an allegation that he had delivered to plaintiff an order drawn upon third parties for the amount which the plaintiff had accepted in lieu of payment of his claim.

Translating the pleadings into the style of common colloquial conversation, it would import simply that the plaintiff demanded of defendant two hundred dollars as the price of a carriage sold to him; to which the defendant answers : I deny that I ever bought a carriage of you for two hundred dollars, or any other price, and if you should succeed in proving that I had the carriage, I shall endeavor to show that the transaction was not such as you represent it, but a very different one, and that I have fulfilled on my part the only contract I ever made with you about a carriage.

If such were the substance and effect of the pleadings upon which the issue was raised, it cannot admit of a question that the plaintiff would have been " defeated if no evidence had been given on his side," and consequently the Court did not err in refusing to the defendant the right of opening the case and introducing evidence in support of the issue on his part first.

We think such *was* the legal effect of the pleadings. A general denial under the Code is equivalent to the plea of the general issue at common law, and traverses every material allegation of the petition, and puts the plaintiff upon the proof of his cause of action. *Van Dusen* v. *Pomeroy*, 24 *Ills.*, 289; *Bump* v. *Smith*, 11 *N. H.*, 48; *Buzzell* v. *Snell*, 5 *Foster*, 474.

As to the second alleged error of the Court below "in rejecting the parole evidence of the defendant offered by him as to the amount of the order delivered by him to the

plaintiff in payment of the plaintiff's claim," we need only remark that the proper evidence to prove the amount of the order was the written order itself, and until that order had been produced or the failure to do so accounted for, the parole evidence was clearly incompetent.

The question propounded by defendant's counsel to defendant as witness—" State to the jury whether or not you drew and delivered to the plaintiff *such an order* as you agreed to give in payment for the carriage," was liable to the same objection as the preceding, and was properly ruled out by the Court, for the reasons already stated.

The right to open and close the argument to the jury is governed by the same rule as the production of evidence, as the Code expressly provides that the party required first to produce his evidence shall have the opening and conclusion. *Code, Sec.* 277.

The next assignment of error is that the Court erred in allowing the plaintiff's counsel to comment on the contents of a paper ;that had not been offered in evidence, in his closing speech to the jury."

From the very nature of the case it will always be difficult if not impossible for a legislature or a reviewing tribunal to define the exact limits within which counsel must confine their argument.

The paper commented on, as 'appears by the bill of exceptions, was an affidavit made by the defendant to procure a continuance of the case, but it does not appear to this Court in the bill of exceptions or in any other way, what comment was made by plaintiff's counsel, or under what circumstances. For aught that appears the defendant's counsel might *first* have commented on the affidavit. Nor does anything appear in the record to show that such comments were prejudicial to the plaintiff in error. If they were so, it would have been the duty of the Court that tried the cause to restrain the counsel within proper limits, and as the record fails to show facts enough to warrant the

interposition of this Court, we are bound to presume that the Court below exercised the proper judicial discretion in this, as in all other matters where the contrary does not appear.

The alleged misconduct of a juror, as set forth in an affidavit in support of the motion for a new trial, seems to have been fully and satisfactorily explained in the affidavit of the juror himself, showing conclusively that the alleged misconduct was the result of misapprehension, and had not influenced his action with regard to the verdict or prejudiced the substantial rights of the defendant. There is perhaps room for doubt whether the affidavit of a juryman could be held admissable for the purpose of explanation, but it may well be doubted whether the alleged misconduct was of a character to require explanation. It has repeatedly been held that irregularities on the part of jurors similar to that complained of in this case, would not be cause of setting aside a verdict. Thus, when after a jury had retired two jurors separated from their fellows and were gone some hours but returned and joined in the verdict, the Court refused to set aside the verdict, it not appearing that either party was affected by their absence. (*Smith* v. *Thompson*, 1 *Cow.*, 221.) So in New Jersey, it has been held that the mere fact of some of the jurors being for a time separated from their fellows, is not in a civil action a sufficient ground to set aside a verdict. *Oram* v. *Bishop*, 7 *Hals.*, 153.

Judgment affirmed.

All the justices concurring.