## THE STATE OF KANSAS v. JOHN MULKINS.

1. TRIALS IN CRIMINAL CASES; *Separation of Jury; Admonition; Error.* In a criminal prosecution for a felony, where the court permits the jury to separate during an adjournment of the trial, but fails to admonish them as required by section 235 of the criminal code, "that it is their duty not to converse among themselves, nor to suffer others to converse with them on any subject connected with the trial, or to form or express any opinion thereon, until the cause is finally submitted to them," and the defendant is afterward convicted, and then moves the court for a new trial on the ground of such failure, and of prejudice intervening during such irregular separation of the jury, and on the hearing of said motion it was not shown that nothing transpired during such separation to prejudice the rights of the defendant, but on the contrary evidence was introduced tending to show that the rights of the defendant may have been prejudiced by conversation had during said separation, and the court overruled said motion for a new trial and sentenced the defendant to imprisonment in the penitentiary, *held,* that the court erred in not admonishing the jury as required by law, and in overruling said motion for a new trial.

2. ———— *Prejudice Presumed; Burden of Proof.* While the error in failing to admonish the jury may not in and of itself be considered as a substantial error, still, the error in overruling the motion for a new trial, must, under the circumstances of this case, be held to be a substantial error. In a case like this, where the court allows the jury to separate, and fails to admonish them as required by law, it will be presumed, in the absence of anything to the contrary, that the rights of the defendant were prejudiced during said separation because of such failure; and *held,* that the burden of proving that the rights of the defendant were not so prejudiced, rests upon the prosecution.

### Appeal from Bourbon District Court.

MULKINS was charged, by information, with having defiled one Helen Kinning, a female child under ten years of age, while having the care and protection of said Helen. Plea, not guilty. Trial at the September Term 1876. Verdict, guilty, and judgment on the verdict. *Mulkins* appeals to this court. The alleged errors are stated in the opinion.

*Harris & Spencer,* for appellant.

*J. D. Hill,* county attorney, for The State.

The opinion of the court was delivered by

VALENTINE, J.: Defendant in this case was prosecuted in the court below under section 233 of the crimes act, (Gen. Stat. 369,) and was convicted and sentenced to imprisonment in the penitentiary for the term of three years and six months. He now appeals to this court. The facts necessary to be considered in the case are substantially as follows: On September 5th 1876, in the afternoon, a jury was impanneled to try the cause. A portion of the evidence for the state was introduced, but there not being time sufficient on that day to complete the trial, the cause was adjourned at about 6 o'clock until the next morning, at $8\frac{1}{2}$ o'clock. During this adjournment the jury were allowed to separate, but they were not admonished as required by section 235 of the criminal code, (Gen. Stat. 857, 858.) Said section 235 reads as follows:

"When jurors are permitted to separate after being impanneled, and at each adjournment, they *must* be admonished by the court, that it is their duty not to converse among themselves, nor suffer others to converse with them on any subject connected with the trial, or to form or express any opinion thereon, until the cause is finally submitted to them."

On September 6th, and 7th, the parties proceeded with the trial; and on September 7th the defendant was found guilty by said jury. The defendant made a motion for a new trial, alleging among other things that the jury were permitted to separate as above set forth, without being admonished by the court, and that there was misconduct of the jurors, and others, during such separation. On the hearing of this motion, an affidavit of one of the jurors was read in evidence, which affidavit states among other things, that during said separation, and "during the evening of the 5th day of September 1876, and again on the next morning, a person who had heard the testimony of the witness Helen Kinning, said to him (affiant) that he wished he (the person speaking) "was on the jury;" "that he" (the person speaking,) "would hang the old rascal;" "that he" (the defendant) "was guilty, and ought to be hung." (With regard to reading affidavits of

jurors, see *Perry v. Bailey*, 12 Kas. 539.) The court below overruled said motion for a new trial, and sentenced the defendant as aforesaid.

About the only question to be determined in this case is, whether the said failure of the court below to admonish the jury as required by law, and the subsequent refusal of the court below to grant a new trial to the defendant because of such failure, must, under the circumstances of this case, be considered as substantial error. That the failure to admonish the jury was error, we suppose will not be questioned. But still it is claimed by the prosecution that it was not substantial error. It is claimed that a failure to admonish the jury, as required by statute, is not *per se* prejudicial to the defendant's rights, and therefore that it is not *per se* substantial error. We shall assume that this is correct, and still we cannot wholly ignore the imperative demands of this premonitory statute. The statute says that the court "*must*" admonish the jury; and therefore no construction should be put upon the statute that would allow it to be wholly disregarded, or even to be lightly considered. By failing to admonish the jury, as required by statute, the door is opened wide for intervening prejudice to enter during the irregular separation of the jury. By such a failure one of the safeguards to an impartial trial is broken down, one of the securities to an impartial verdict is overthrown, one of the evidences that impartial justice is done, is obliterated; and all this, without any fault on the part of the defendant. Therefore, where there has been a separation of the jury during an adjournment of the trial, without such admonition, and the defendant afterward moves for a new trial upon the ground of such separation, want of admonition, and intervening prejudice, we think it ought to be presumed, in the absence of everything to the contrary, that prejudice, injurious to the defendant's rights, did intervene during such separation, and did result from such want of admonition; and therefore we think, that in such a case the new trial ought to be granted, and a refusal to grant the same would be substantial error. While

the mere failure on the part of the court to admonish the jury might not be considered in and of itself as substantial error, yet the refusal of the court to grant a new trial notwithstanding the presumed resulting prejudice would be substantial error. Of course, if it were shown affirmatively by the facts of the case, or by facts brought into the case at the time of the hearing of the motion for a new trial, that nothing transpired during the irregular separation of the jury prejudicial to the defendant's rights, then the court would not err in overruling the motion. This view of the question, of course, throws the burden of proving that no prejudice occurred by the reason of the failure of the court to admonish the jury, upon the state. And this would seem to be necessary, in order to give the statute full force and effect. If the burden of proving prejudice *by evidence* should always rest on the defendant, then the statute might in every case be disregarded. For if the defendant should show in any case that his rights had been prejudiced during a separation of the jury, he would be entitled to a new trial, whether the court had given such admonition or not. Probably, prejudice actually occurred in the present case. The defendant was charged with an offense well calculated to arouse the feelings, and even the indignation of the public, if the people really believed that he was guilty. And it seems that something really did arouse the indignation of at least one person. The indignation of many others may have been aroused. The failure therefore of the court to admonish the jury, may have resulted in great injury to the defendant. Of course the failure of the court to admonish the jury was a mere oversight, which the court would have corrected at the time if either party had at the time called its attention to the same. But as the statute makes it the imperative duty of the court, without any suggestion, to give such admonition to the jury, we do not think that the defendant waived any rights by failing to call the attention of the court to the matter at the time of such failure. If the defendant had failed to move for a new trial because of said failure, then perhaps we might presume that the defendant

had waived the error, or at least we might presume that the error did not work any substantial prejudice to his rights, and therefore, and for that reason, he did not choose by moving for a new trial on that ground to put the state to the trouble of showing that nothing prejudicial in fact occurred during the irregular separation of the jury. We do not know that any case like this has ever before been decided. But for cases deciding questions slightly analogous to this, see 13 U. S. Dig., first series, 530, 531, §§ 7274 to 7307.

The judgment of the court below will be reversed, and cause remanded for a new trial. The defendant will be returned to Bourbon county, and delivered over to the jailor thereof, there to abide the further order of the court below.

All the Justices concurring.