### W. B. GLEASON *et al.* v. ABRAM STRAUSS *et al.*
#### No. 174.

1. SEPARATION OF JURY — *without permission or admonition during argument of law questions, not ground for new trial unless injury to defeated party shown.* It is the duty of the court to admonish the jury as required by section 279 of the Code of Civil Procedure, if they are permitted to separate either during the trial or after the case is submitted to them; but where the court has, prior to any separation of the jury, and at each adjournment of court, admonished them as to their conduct during such separations, this is a substantial compliance with the statute. The mere accidental separation of the jury during the trial of the case, when the court's attention is occupied with the pleadings or instructions, should not be regarded as cause for a new trial, unless the losing party shows that he has been injured by such separation.

2. —————— *for short recess, without admonition but admonition previously given, no new trial unless facts raise reasonable suspicion of injury.* In civil cases, the mere fact that, during a recess of a few minutes, the jury were permitted to separate without being then admonished, where the court had previously admonished them as to their conduct during such separations, should not be regarded as reversible error, nor should a new trial be granted in such case, unless the facts touching such separation are such as to raise a reasonable suspicion of abuse.

3. MISCONDUCT OF JURY — *not presumed, but must be proved.* In the absence of some of the attorneys in the case, a juror asked the court a question, which the court declined to answer except in the presence of counsel. When the question was again mentioned by the court, the juror said, "We have settled the question among ourselves." During the interval, however, the jury had been in session in the jury room and had been permitted to separate for the night. *Held*, in the absence of any showing to the contrary, the court will presume that the question was settled during the session of the jury in the jury room. Misconduct on the part of the jury will not be presumed.

Error from Jackson District Court. Hon. Robert Crozier, Judge. Opinion filed April 30, 1897. *Affirmed.*

This was an action in replevin brought by the defendants in error, as plaintiffs below, against the plaintiffs in error, as defendants below. The trial was had before the court and a jury, and resulted in a verdict in favor of the plaintiffs and against the defendants in the trial court. The record, as far as it is necessary to examine it in passing upon the errors presented to this court, shows that, at the conclusion of the evidence, the court was requested to give special instructions to the jury and to submit to them special questions of fact. Thereupon, in open court, the court said to the jury : "Gentlemen of the jury, you may consider yourselves at ease while I examine the instructions asked for ; but do not leave the court room." No admonition was given the jury as required by section 279 of the Code of Civil Procedure, nor was any other remark than that above stated made to the jury by the court. There had been previous adjournments during the progress of the trial, and, at each adjournment, and prior to the jury being permitted to separate, they had been admonished by the court as required by said section. The judge was occupied in examining the instructions and special findings of fact about twenty-five to thirty-five minutes, during which time court remained in session. At the time the jury were instructed to "consider themselves at ease," there were bystanders in the court room and elsewhere about the court house. While thus "at ease," the jury separated, and mingled at will with the bystanders, with whom, and also among themselves, they held conversations, the subject of which the record does not disclose ; and some of the jurors left the court room. When the court had

prepared its instructions, the jury reassembled in the jury-box, were instructed, and, after the case had been argued by counsel, retired to the jury room in charge of a sworn bailiff. A short time before ten o'clock that night the foreman of the jury stated to the court that he would like to ask a question. In answer thereto, the court stated : "I will soon allow you to separate for the night; and when the jury reassemble in the morning, in presence of counsel, you can ask any question you wish." Thereupon, the jury re-entered the jury room and remained there, with the door closed, until ten o'clock; at which time they were admonished and permitted to separate. Upon convening the next morning, the court stated it would hear the question. The foreman thereupon informed the court : "We have settled the question among ourselves." The jury retired to the jury room and afterward returned their verdict in open court. The defendants, plaintiffs in error, filed their motion for a new trial; and, on the hearing of such motion, the facts as above stated were proved. The court overruled the motion, and the defendants, having excepted to that ruling, bring the case to this court for review, alleging as error : *First*, "That during the said trial the jury were permitted to separate without having been admonished by the court, that it was their duty not to converse with, or suffer themselves to be addressed by, any other person on the subject of the trial, and that it was their duty not to form or express any opinion until the case was finally submitted to them;" *second*, "That the jury settled the question about which the foreman proposed to inquire while only a portion of the jury were present, and when not in regular session."

*James H. Lowell,* and *Hayden & Hayden,* for plaintiffs in error.

*L. B. Kellogg,* and *I. T. Price,* for defendants in error.

McELROY, J. An examination of the errors assigned requires an examination of section 279 of the Code of Civil Procedure, which reads :

"If the jury are permitted to separate, either during the trial or after the case is submitted to them, they shall be admonished by the court that it is their duty not to converse with, or suffer themselves to be addressed by, any other person, on any subject of the trial, and that it is their duty not to form or express an opinion thereon, until the case is finally submitted to them."

For the purpose of determining the effect to be given this statute, we will examine the cases of our Supreme Court cited by plaintiffs in error.

*Madden v. State of Kansas,* (1 Kan. 351,) was a criminal case involving the construction to be given to section 237 of the Criminal Code. After the trial, instructions, and arguments of counsel, and while the jury was in charge of the bailiff, the bailiff was away from the building in which the deliberations were held, and not in sight of it, and, while he was absent, one person went into the building and held communication with the jury ; two of the jurors were separated from the jury, unattended by the bailiff,—how long, did not appear ; the bailiff informed bystanders how the jury stood while they were deliberating, giving the names of the jurors for acquittal. Part of the time, no sworn officer was in charge of the jury. All the misconduct on the part of the jury and the bailiff was after the case had been finally submitted.

In *The State v. Mulkins,* (18 Kan. 16,) on September

84          GLEASON V. STRAUSS.

N. Dept.          Opinion.  McElroy, J.          5 Kan. App.

5, 1876, a jury was impaneled to try the case, and, after part of the evidence had been introduced, the case was adjourned, at six o'clock P. M., until the next morning at eight-thirty o'clock.   During this adjournment, the jury were permitted to separate, and were not admonished as required by section 235 of the Criminal Code.   On the hearing of the motion for a new trial, an affidavit of one of the jurors was read, stating, in substance, that during the separation and "during the evening of the fifth day of September, 1876, and again on the next morning, a person who had heard the testimony of the witness Helen Kinning, said to him (affiant) that he wished he (the person speaking) 'was on the jury;' 'that he' (the person speaking) would hang the old rascal;' 'that he' (the defendant) 'was guilty, and ought to be hung.'"
In passing upon the case, the court said :

"That the failure to admonish the jury was error, we suppose will not be questioned.   But still it is claimed by the prosecution that it was not substantial error.   It is claimed that a failure to admonish the jury, as required by statute, is not *per se* prejudicial to the defendant's rights, and therefore that it is not *per se* substantial error.   We shall assume that this is correct, and still we cannot wholly ignore the imperative demands of this premonitory statute.   The statute says that the court *must* admonish the jury ; and therefore no construction should be put upon the statute that would allow it to wholly be disregarded, or even to be lightly considered."

In this case there was an adjournment of court for several hours, during which time the jury were permitted *to separate without having previously been admonished* as required by said section.   This the court held was substantial error.

*Pracht v. Whittridge*, ( 44 Kan. 710,) was a civil case, and involved the construction of section 278 of the Code

of Civil Procedure and the section under consideration. An examination of the case shows that, after it was submitted to the jury and after court had adjourned, the judge directed the bailiff to allow the jury to separate and go to supper ; that, at breakfast time the next morning, the bailiff permitted the jury to separate and go to breakfast, and at the dinner hour, again permitted them to separate and go to dinner ; that at each of these separations the jury mingled with other persons ; and that prior to none of these separations was the jury admonished by the court as required by the statute.    This was properly brought to the attention of the court on the motion for a new trial, which motion was overruled.    The Supreme Court held that it was error for the court to permit the jury to separate without having been first admonished as required by law.

In *Ehrhard v. McKee*, ( 44 Kan. 715,) the facts are, that after the trial and the submission of the case to the jury, the jury retired in charge of an officer on September 26, and remained in session until September 28, when they reported to the bailiff that they had agreed upon a verdict; that the court was not in session, and the jury sealed their verdict and delivered it to the bailiff, and thereupon separated ; that, at the convening of court the following day, the jury having been brought in and asked if they had agreed upon a verdict, the foreman responded that they had, whereupon the sealed verdict was handed to the clerk ; but that it was not such a verdict as the court could receive, and the jury again retired, under the instructions of the court, and were kept together until October 3, when they arrived at a verdict.    The *separation* of the jury in this case, *without being admonished* and *without the permission of the court*, was a

85          GLEASON V. STRAUSS.

N. Dept.              Opinion.  McElroy. J.          5 Kan. App.

violation of both section 278 and section 279 of the Code of Civil Procedure.

These are the only cases cited by the plaintiffs in error in their brief and argument of the case, and neither of them involves the question under consideration. The first two involve the construction of the law applicable to criminal cases ; and while the other two are civil cases, they involve the construction of section 278 as well as of section 279. Section 278 expressly declares, '' if they retire, they must be kept together, in some convenient place, under charge of an officer, until they agree upon a verdict or be discharged by the court, subject to the discretion of the court to permit them to separate temporarily at night, and at their meals ; '' and a separation of the jury, without permission of the court, after they have retired to deliberate upon their verdict, is a direct violation of the law, from which misconduct will be presumed. This presumption places the burden of proof upon the prevailing party to show that no injury resulted from such misconduct.

There are cases, a few of which we will examine, which seem to give a different construction to the sections under consideration. In *Perkins v. Ermel*, ( 2 Kan. 325,) the court says :

'' In a civil case when an affidavit on a motion for a new trial in the court below, shows the mere fact of some of the jurors being for a time separated from their fellows, it is *doubted* whether such showing is sufficient to set aside the verdict ; *doubted* whether the affidavit of a juryman is admissible for the purposes of explanation, but *held* that no explanation was required.''

In *The State v. Stackhouse*, ( 24 Kan. 445,) it appears that, at *seven* separate periods of time, recesses were taken by the court of from three to five minutes, and

the jury permitted to separate during such recesses; and that the court at none of these recesses admonished the jury as to their conduct.    The Supreme Court in passing upon the question said:

"Now the mandate of the statute is not a mere technical, arbitrary rule, but one designed to protect the substantial rights of the accused.  .  .  .  Here the brevity of the time of recess makes strongly against the probability of prejudice.    Before any separation they were admonished, and admonished that this duty of avoiding conversation and refraining from any conclusion rested upon them at all times until the close of the trial.  .  .  .  Further, an examination of the statute shows a distinction between a recess and adjournment.    It reads: 'When jurors are permitted to separate after being impanelled and at *each* adjournment.'  It does not read at *each* separation.  It implies that if any separation is allowed, they should be admonished; but if duly admonished before any separation, and at each adjournment, is not the statute strictly complied with?"

The court in this case refused a new trial, and held that no substantial right was violated by the jury being permitted to separate during these recesses.

In *Stager v. Harrington*, (27 Kan. 414,) the court said:

"We do not think that the recess of two or three minutes taken by the justice's court, without the justice's admonishing the jury, could possibly have worked any prejudice to the rights of either party. Neither party objected or took exceptions at the time, and nothing prejudicial is shown."

In the case now before us, after the trial was commenced, and *prior* to any *separation* of the jury, the court admonished them as to their conduct during such separation, and, at each adjournment, they were admonished as required by law; then, without any adjournment, the jury having been left "at ease"

during the time the court was occupied with the consideration of the instructions in the case, the jurors mingled with the audience, and some of them retired from the room ; and within a half hour the case was proceeded with.  It does not appear that the court's attention was called to the fact that the jurors had left the room, although it appears that the attorneys for the defendants knew it.  Three times, prior to this, the court had admonished the jury as to their conduct during their separation.  This appears to have been a substantial compliance with the statute.  In *The State v. Mulkins*, (18 Kan. 16,) the court said : "The misconduct of the trial court in not admonishing the jury was not waived, because the statute expressly made it the duty of the court to admonish the jury *before the jury were permitted to separate and at each adjournment.*" There is no statutory mandate requiring the court to admonish the jury at " each separation," nor at " each time the court's attention is directed to other matters than the taking of testimony."  We think that, if the court contemplated permitted the jury to separate, it

1. Separation of jury without permission or admonition not ground for new trial, when.

would be the duty of the court to admonish them ; but the mere accidental separation of the jury during the trial of a case, and during the time the court's attention was occupied with the pleadings or instructions, should not be regarded as cause for setting aside the verdict, unless the losing party shows that he was injured or had suffered by such separation.

We do not believe that, in civil cases, the mere fact that the jury have been permitted to separate during

2. For short recess, admonition previously given, new trial not granted, when.

a few minutes' recess without being then admonished, where the court had previously admonished them as to their conduct during separation, should be regarded as reversible error, nor do we believe that a

new trial should be granted in such case, unless the facts touching such separation are such as to raise a reasonable suspicion of abuse. Of course, if the separation was attended by other circumstances tending to show misconduct, such separation or misconduct would require a reversal of the case. In civil cases, the courts generally hold that, in order to set aside a verdict because of improper conduct of jurors, or improper communications between members of the jury and third persons, the showing must do something more than raise suspicions that improper influence might have been brought to bear on the jury. A verdict which twelve men have rendered under the solemnity of their oaths, is certainly entitled to some consideration ; and it would not only be unjust to the party who has obtained a verdict, to set it aside for some irregularity which has happened without his fault, unless prejudice clearly appears, but it would be entirely opposed to the policy of the law, which favors the ending of litigation and the quieting of controversies.

As to the contention "that the jury settled the question about which the foreman proposed to inquire while only a portion of the jury were present, and when not in regular session," an examination of the record discloses that the question was asked by the foreman of the jury a short time before ten o'clock P. M. ; that the court informed the jury, "I will soon allow you to separate for the night, and when the jury assemble in the morning, in the presence of counsel, you can ask any question you wish ;" after which they remained in the jury room with the door closed until ten o'clock, when, after being duly admonished, they were permitted to separate until the next morning. The jurors had an opportunity to dis-

cuss this question in the jury room that night before they were permitted to separate, and after they had asked the question. There is no evidence that they discussed any question pertaining to the case when not in regular session as a jury, and the court will presume, in the absence of any evidence to the contrary, that the question was settled in the jury room. Misconduct on the part of a jury will not be presumed.

3. Misconduct of jury not presumed.

The judgment will be affirmed.