Adams v. Snyder.

# WILLIAM H. ADAMS v. GEORGE SNYDER.

### No. 489.*

DAMAGES— *Misrepresentation— Notice of Defect—Instructions.*
In an action to recover damages for the sale of a vicious mare
alleged to have been sold as a gentle, reliable and safe family
animal, it is reversible error for the court to refuse to instruct the
jury, in substance, that if they find that before the sale was con-
summated the plaintiff told the defendant that the animal had
previously run away and was not entirely trustworthy, or words
to that effect, their verdict must be for the defendant, the evidence
in the case being sufficient to warrant the instruction asked.

Error from Wyandotte court of common pleas;
W. G. HOLT, judge.   Opinion filed December 15,
1898.   Reversed.

*H. L. Burgess*, and *I. O. Pickering*, for plaintiff in
error.

*Getty & Hutchings*, for defendant in error.

The opinion of the court was delivered by

WELLS, J.:   This action was brought to recover
damages alleged to have been sustained by the de-
fendant in error, the plaintiff below, by injury to his
wife caused by a kicking mare sold him by the plain-
tiff in error, the defendant below, as a safe, gentle
and reliable family mare, when in fact it was a vicious
and kicking animal.   The defendant answered, plead-
ing a general denial and a rescission of the sale and
settlement.   This was denied in reply, and on these
issues the case was tried to a jury, who returned a
verdict for the plaintiff for $250.   This verdict was
approved by the court, judgment rendered accord-
ingly, and the case brought here for review.

*Petition for order to certify denied by supreme court February
11, 1899.—REP.

Adams v. Snyder.

The first assignment of error is misconduct on the part of counsel for defendant in error in his opening statement to the jury. We do not think that the statements that Adams is wealthy, that the man to whom he previously sold the mare was a poor old soldier, or that said purchaser sued and recovered judgment against him, were proper to have been made to the jury, and yet, as was said in *Perkins v. Ermel,* 2 Kan. 331, "from the very nature of the case it will always be difficult if not impossible for a legislature or a reviewing tribunal to define the exact limits within which counsel must confine their argument." And this applies with increased force to the opening statement to the jury, where, as none of the evidence is in, and none of the law of that particular case has been pronounced, much looseness of statement must necessarily occur, and very much discretion must be left to the trial court in holding counsel within due bounds. We do not think there was any serious misconduct in this case; certainly not enough to warrant a reversal for that reason.

As to the first allegation of error in refusing to admit evidence, the error, if any, was subsequently cured by the admission of the evidence. What the doctor told the plaintiff would have to be done was irrelevant and immaterial and was properly excluded. The next error complained of is in giving the sixth and seventh instructions. To the giving of the sixth instruction there was no objection made or exception saved, and under the well-settled rule of the supreme court it will not be reviewed. As to the giving of the seventh instruction, our attention is not called to any error therein.

The remaining allegations of error are in refusing the instructions asked by the defendant below, and in

overruling the motion for a new trial.   The sixth instruction was refused because it was not requested until the instructions prepared by the court were about to be read to the jury.   The rule of the court on this subject is reasonable, and there was no error in refusing to stop proceedings at that time to consider a new instruction.   The only other instruction asked is the fourth, which reads :

"At defendant's instance the court instructs the jury that if they believe from the evidence that defendant Adams told the plaintiff Snyder, before he bought the horse in question, or at the time when the sale and purchase was made, and before it was consummated, that the horse had previously run away and was not entirely trustworthy, or words to that effect, then the plaintiff cannot recover in this case, and your verdict must be for the defendant."

We think this instruction was applicable to the evidence and issues in the case, and should have been given, and we do not think number 4, as given by the court, fully supplied its place.   A full knowledge of the vicious character of the horse was not required. "Knowledge of facts sufficient to excite the suspicion of a prudent man, and put him upon inquiry, is, as a general proposition, equivalent to knowledge of the ultimate fact."   (*Phillips v. Reitz*, 16 Kan. 401.)

The judgment of the court below will be reversed and a new trial awarded.