No. 45,776

THE STATE OF KANSAS, *Appellee,* v. JOHNNIE LEE BELL, *Appellant.*

(476 P. 2d 213)

Opinion filed November 7, 1970.

*Bruce B. Fitts,* of Wichita, argued the cause, and *T. L. O'Hara,* also of Wichita, was with him on the brief for the appellant.

*R. K. Hollingsworth,* Deputy County Attorney, argued the cause, and *Kent Frizzell,* Attorney General, and *Keith Sanborn,* County Attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

FONTRON, J.: The defendant, Johnnie Lee Bell, was convicted of robbery in the first degree. He has appealed, advancing three contentions.

First, the defendant argues that the trial court erroneously overruled his motion for discharge, made at the close of the state's evidence. This claim is based on comments made by the court, when the motion for discharge was argued, that the evidence of guilt was not overwhelming.

Whatever may have been in His Honor's mind at the time— and a subsequent explanation tends to place the remarks in a ra-

tional context—his observations fall far short of constituting disapproval of the verdict which the jury later returned. In this connection it is significant that the trial court subsequently overruled the defendant's motion for a new trial—an action which we believe effectively negates any claim that the court was dissatisfied with the verdict.

In the *State v. Frey*, 111 Kan. 798, 208 Pac. 574, a quite similar situation was considered by this court and it was held:

"On appeal, it is of no consequence that before the jury rendered its verdict the trial court expressed serious doubt as to the sufficiency of the evidence to establish the defendant's guilt; although if such doubt had persisted in the trial court's mind after the verdict was rendered it would have been its duty to set the verdict aside and grant a new trial." (Syl. ¶ 4.)

The defendant next contends that prejudicial error resulted from the trial court's failure to admonish the jury as required by K. S. A. 62-1446, on the occasion when a recess was declared and the jury was excused while instructions were being prepared. K. S. A. 62-1446 (now superseded by § 22-3420 [2], Kansas Code of Criminal Procedure) provides as follows:

"When the jurors are permitted to separate after being impaneled, and at each adjournment, they must be admonished by the court that it is their duty not to converse among themselves nor suffer others to converse with them on any subject connected with the trial, or to form or express any opinion thereor until the cause is finally submitted to them."

In the early case of *State v. Mulkins*, 18 Kan. 16, this court said in substance that where the trial court permits the jurors to separate and fails to admonish them as required by statute it will be presumed, in the absence of anything shown to the contrary, that the rights of the defendant were prejudiced thereby, and the burden of proving that the rights of the accused were not prejudicially affected rests upon the state.

The strictness of this rule was tempered in *State v. Stackhouse*, 24 Kan. 445, where it was held:

"A court, at every separation of the jury and at each adjournment in a criminal trial, should give the statutory admonition; but where it appears that at the first adjournment, and before any separation of the jury was had, the court had given this admonition and had stated to the jury that the duty thus declared rested upon them whenever out of the jury-box, until the close of the trial, and that the admonition was duly given at each adjournment thereafter, and the record discloses a trial otherwise fair and impartial, the judgment will not be reversed simply because during the sessions of the court several recesses, of from three to five minutes duration, are shown to have taken place without

this admonition being given as preliminary thereto; and this, although the record is silent as to what took place during such recesses, and as to whether any of the jurors left the court room or not." (Syl. ¶ 3.)

Similar language is found in *Stager v. Harrington*, 27 Kan. 414, where this court said:

"We do not think that the recess of two or three minutes taken by the justice's court, without the justice's admonishing the jury, could possibly have worked any prejudice to the rights of either party. Neither party objected or took any exception at the time, and nothing prejudicial is shown." (p. 421.)

Turning now to the facts of the instant case, we note that immediately after the jury was impaneled and sworn the trial court admonished them as follows:

"You are now sworn officers of this Court and Judges of the facts of this case. You must conduct yourselves accordingly. By this, the law means in part that you may not discuss this case among yourselves or with any other persons during the trial of the case, or during the recess of the trial.

"You will recess to the jury room in the day time and recess to your homes at night, remembering that you may not discuss the case with friends, family, or strangers. You must keep your views about the case entirely within your minds as individuals until the time when you retire to the jury room to deliberate upon your verdict. The jury room is through the door to the right of the jury box to which you may now recess. The remaining jurors in the courtroom are now excused until 9:30 o'clock on Wednesday morning of this week, please "

At the conclusion of the first day of the trial the court recessed for the night and again admonished the jury—in this wise:

"The witness is excused. The jury will now be recessed for the night to return in the morning at 9:30 o'clock to resume with the trial of the case. Please come to your jury room in connection with this courtroom prior to 9:30. Remember again you may not discuss this case among yourselves or with others —not family, friends, nor strangers. Keep your thoughts about the case entirely within your minds as individuals until the moment when you retire to the jury room to deliberate on the verdict."

Nowhere does it appear that the jurors failed to heed the court's initial admonition, nor that there was any misconduct whatever on their part. We have said more than once it is to be presumed, absent a contrary showing, that public officers will perform their duties. (*State v. Sharp*, 202 Kan. 644, 451 P. 2d 137; *Call v. State*, 195 Kan. 688, 408 P. 2d 668; *Yurk & Brady v. Brunk*, 202 Kan. 755, 451 P. 2d 230.) We believe this rule is sufficiently broad to encompass jurors as well as others who serve in the public interest.

In view of the comprehensive character of the previous admonitions given by the court, as they are heretofore set out, combined

with the compelling character of the evidence of the defendant's guilt, we are unable to say that prejudicial error is to be presumed in this case. Other than one single instance of failure to admonish the jury upon recess, the record reveals a trial which was fair and impartial.

As we view the evidence against the defendant, it is more than abundant to support the jury's verdict. Not only was there eye-witness identification, but there was convincing circumstantial evidence of guilt, as well. This conclusion disposes of the defendant's third point, for it is well established that a verdict supported by substantial competent evidence will not be set aside on appeal. (*State v. Smith*, 160 Kan. 443, 163 P. 2d 353.)

The judgment is affirmed.