No. 45,646

STATE OF KANSAS, *Appellee,* v. ARTHUR L. PAPPAN, *Appellant.*

(477 P. 2d 989)

Opinion filed December 12, 1970.

*Dennis E. Shay,* of Smith, Shay, Farmer and Wetta, of Wichita, argued the cause, and was on the brief for the appellant.

*James Z. Hernandez,* deputy county attorney, argued the cause, and *Kent Frizzell,* attorney general, and *Keith Sanborn,* county attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

HARMAN, C.: Arthur L. Pappan was convicted by a jury of the offense of robbery in the first degree. By reason of a previous conviction his sentence was doubled under the habitual criminal act. He now appeals from that judgment.

Appellant's principal complaint centers around testimony adduced upon his cross-examination respecting his conviction of previous offenses.

Appellant was charged with robbing a filling station in Wichita. He had previously been employed at the station during the day shift, but had quit shortly before the alleged robbery.

The state's principal witness, Lonnie Patterson, was the attendant on duty at the time of the incident. He testified appellant came into the station at about 3:15 a. m. on October 26, 1968, and at knife point compelled him to turn over the oil company's money. He also testified appellant said something about knowing Patterson but he didn't think Patterson was supposed to be working at that time.

Although the record is not clear, it appears that thereafter the police made inquiry at the place where appellant had been living.

Appellant testified as a witness in his own behalf. In his direct examination he stated he had gone to Hutchinson on October 25th. Upon his return he learned the police were inquiring about him. He testified he thought the police were after him for parole violation inasmuch as his parole officer had told him he was not supposed to go to Hutchinson. In cross-examination the state was permitted to elicit, over objection, that appellant was on parole for the offenses of attempted armed robbery and "uttering." Appellant's motion for mistrial based on reception of this evidence was overruled.

In redirect examination appellant then testified the attempted robbery offense occurred in Hutchinson; that he walked into a place with a gun and told the man there it was a holdup and to give him the money; the man said "No", and the witness said he was not joking and to give him the money; the man said "No" again and appellant left without any money and without anyone being injured; he subsequently plead guilty to this offense. Upon recross-examination the state elicited the fact the place he had attempted to rob was a filling station.

No request was made for instructions respecting the previous convictions of appellant and none was given.

In his closing argument to the jury appellant's counsel mentioned that the prosecution had brought out the fact appellant had plead guilty to attempted robbery three years previously when he was nineteen or twenty years old. He pointed out appellant had plead guilty to this offense because he was guilty but he was not guilty of the present charge and should not continue to suffer because he had done wrong in the past. The prosecution's closing argument included the following:

"Look at his other attempted robbery. He came in, and the man was obviously so startled, he didn't get the money. Same thing here—an oil company, same situation. Fear—fear reacts very differently, and in that case, the man didn't give him the money."

No request for supplemental instructions was made and none was given. Appellant did not introduce any evidence tending to support his credibility.

Appellant asserts our well established general rule evidence is inadmissible to prove that an accused has been convicted of another crime independent of and unrelated to the one on trial; that the exceptions to this rule are statutory, and none of them is applicable

under the facts here. He contends the evidence was impermissible under K. S. A. 60-421, 60-422 (*d*) and 60-447 (*b*); further that "uttering" (forgery) could not be a similar offense admissible for any purpose under K. S. A. 60-455, and if the attempted robbery conviction were sought to be shown as a similar offense evincing plan under the latter statute, then no limiting instruction was given as mandated by *State v. Roth,* 200 Kan. 677, 438 P. 2d 58.

Appellee counters it does not seek to justify reception of the challenged evidence under any of the foregoing exceptions. It points out appellant testified on direct examination he was on parole and it relies on its right to cross-examine as to that subject.

Appellant did choose to reveal the fact he was on parole and he thus voluntarily opened up the subject of his previous convictions upon which he had received a parole. Having done so, he is not in a position to raise the bar of the statutes relied on. A defendant cannot avoid cross-examination on matters to which he has testified in chief. In *State v. Schroeder,* 201 Kan. 811, 443 P. 2d 284, we stated:

"[W]hen a subject is opened upon direct examination, the cross-examination may develop and explore various phases of that subject." (p. 820.)

See also *State v. Handrub,* 113 Kan. 12, 213 Pac. 827; *State v. Fahy,* 201 Kan. 366, 440 P. 2d 566.

Nor do we believe the trial court's failure to give a limiting instruction, following the closing argument respecting the use of the attempted robbery conviction as evincing a method of operation, to be prejudicially erroneous. *Roth* is distinguishable in that there the previous conviction was not referred to in the direct examination of the defendant and therefore was not proper under any theory or for any other purpose than as permitted under 60-455, and we held a limiting instruction under that section was required. Here the challenged evidence was admissible independently of 60-455. And appellant in his closing argument, after the jury had already received its instructions, chose again to bring the matter to the jury's attention and he cannot now complain.

Appellant contends sentence was illegally imposed under the habitual criminal act because the state did not, prior to commencement of trial or prior to submission of the case to the jury, notify him of its intention to invoke the provisions of that act. He presents no authority or cogent argument to support his position and we know of none. On January 10, 1969, immediately after the jury

retired to begin its deliberation in the case, appellant was orally notified of the state's intention to invoke the act. He was served with written notice of the same on January 13, 1969. He was sentenced on January 29, 1969, after being afforded a full allocution where he presented nothing. Reasonable notice of the state's intention to invoke the provisions of the habitual criminal act before sentence is imposed is all that is required (*Lieser v. State*, 199 Kan. 503, 430 P. 2d 243). Appellant was properly sentenced.

Judgment affirmed.

APPROVED BY THE COURT.