No. 47,106

STATE OF KANSAS, *Appellee*, v. RICHARD DAVID RALLS, *Appellant*.

(515 P. 2d 1205)

Opinion filed November 3, 1973.

*James W. Wilson,* of Wichita, argued the cause, and *Hal H. Lockett,* also of Wichita, was with him on the brief for the appellant.

*Clifford Bertholf,* assistant district attorney, argued the cause, and *Vern Miller,* attorney general, *Keith Sanborn,* district attorney, and *Stephen M. Joseph,* of Counsel, of Wichita, were with him on the brief for the appellee.

The opinion of the court was delivered by

FROMME, J.: The defendant Richard David Ralls was convicted by a jury of larceny of property of the value of over $50.00, a 1967 Chevrolet automobile, and he was sentenced to not less than five nor more than fifteen years. (K. S. A. 21-534.) On appeal defendant-appellant raises several alleged trial errors which we will examine in turn.

The first point is directed toward comments by the prosecuting attorney during his opening statement which related to the need of the state to rely generally on circumstantial evidence to prove automobile larcenies. The defendant argues it was reversible error for the court to fail to inform the jury that they should disregard such comments made by the county attorney during his opening statement. The record indicates that the defendant neither objected to these comments nor requested that the jury be informed to disregard such statements. An appellate court will not for the first time consider points on appeal which were not brought to the attention of the trial court. (*State v. Smith,* 209 Kan. 664, 498 P. 2d 78.) Reversible error cannot be predicated upon a complaint of misconduct of counsel for the state in the opening statement or closing argument to the jury when the defendant made no objection to the misconduct and made no request to have the court admonish the jury to disregard the objectionable statements. (*State v. Fleury,* 203 Kan. 888, 896, 457 P. 2d 44; *State v. McDermott,* 202 Kan. 399, 405, 449 P. 2d 545, cert. den. 396 U. S. 912, 24 L. Ed. 2d 187, 90 S. Ct. 226.)

Defendant next contends the trial court committed prejudicial

error in limiting cross-examination of the state's witnesses. As an example defendant refers to the testimony of witness Michael Cain. On cross-examination he testified that he considered himself a friend of the defendant, that he and several others had a "midnight auto supply going", and that he had been charged with obtaining certain things at different times. Objections were sustained to this testimony as being irrelevant and immaterial. However, testimony was immediately thereafter elicited and admitted in evidence to the effect he had not been given freedom from prosecution, that he had been convicted of two assaults and of petty larceny.

The abbreviated record does not contain the testimony of this witness on direct examination by the state and we cannot determine whether the questions were on subjects explored by the state on direct examination. However, defendant justifies this line of cross-examination in his brief as bearing upon the issue of credibility.

The extent of cross-examination on the issue of credibility of a witness rests in the sound discretion of the trial court. (*State v. Greenwood*, 197 Kan. 676, 421 P. 2d 24; *State v. Guffey*, 205 Kan. 9, 17, 468 P. 2d 254.) This discretion is an incident to the mode and manner of trial, and in the absence of flagrant abuse, should not be disturbed on appeal. (*State v. Wolfe*, 194 Kan. 697, 401 P. 2d 917.) There must be some showing of abuse of discretion or prejudice to the appealing party before a reversal is justified. (*State v. Greenwood*, supra; *State v. Guffey*, supra.) There is no such showing in the present case.

Defendant argues he was improperly sentenced by the trial court under the provisions of the old criminal code, K. S. A. 21-534, for stealing an automobile and that he should have been sentenced under the provisions of the new Kansas Criminal Code (K. S. A. 1972 Supp. 21-4501) effective July 1, 1970. K. S. A. 21-534 carries a sentence for stealing an automobile of not less than five and not more than fifteen years. K. S. A. 1972 Supp. 21-4501 carries a Class D felony sentence for theft of property of the value of over $50.00 of not less than one nor more than three years minimum sentence and the maximum shall be ten years.

The defendant was convicted of stealing a 1967 Chevrolet automobile. The car was stolen on June 11, 1970. The new Kansas Criminal Code went into effect July 1, 1970, and K. S. A. 1972 Supp. 21-3102 (4) specifically deals with the question raised. It provides:

"This code has no application to crimes committed prior to its effective date. A crime is committed prior to the effective date of the code if any of the essential elements of the crime as then defined occurred before that date. Prosecutions for prior crimes shall be governed, prosecuted and punished under the laws existing at the time such crimes were committed."

The legislative intent could not be more clearly expressed than it is in the above statute. The Kansas Criminal Code, effective July 1, 1970, has no application to crimes committed prior to its effective date, and necessarily so for it relates to substantive law.

Defendant argues that his trial procedure was conducted in accordance with the Kansas Code of Criminal Procedure, effective July 1, 1970, so he should have been entitled to be sentenced under the Kansas Criminal Code which was effective on that same date. This conclusion does not logically follow. The Kansas Criminal Code relates to substantive law and operates prospectively on crimes committed after its effective date. The Kansas Code of Criminal Procedure, on the other hand, relates to procedural law and operates prospectively on trials and proceedings pending on the effective date of the act or filed thereafter. The defendant's trial was commenced after July 1, 1970. Defendant did not file an election to bring himself under the provisions of the former procedural act. K. S. A. 1972 Supp. 22-4602 (1) makes this possible where prosecution is commenced prior to July 1, 1970. The trial of defendant began January 11, 1971. The record does not disclose when prosecution was commenced but trial proceedings were properly governed by the new procedural act. The defendant at no time elected to be proceeded against under the former law. See *State v. Caldwell*, 208 Kan. 674, 493 P. 2d 235, where the defendant made the necessary election and was proceeded against under the prior code. The trial of any prosecution and proceedings incidental thereto commenced after July 1, 1970, are governed by the provisions of the new Kansas Code of Criminal Procedure.

Defendant next argues the trial court committed prejudicial error in refusing to separate the witnesses on motion of the defendant. K. S. A. 1972 Supp. 22-2903 which is cited to support such claim reads:

"During the examination of any witnesses or when the defendant is making a statement or testifying the magistrate may, and on the request of the defendant or state shall, exclude all other witnesses. He may also cause the witnesses to be kept separate and to be prevented from communicating with each other until all are examined."

We note that this section was included in the Kansas Code of Criminal Procedure under Article 29 entitled "Procedure After Arrest." The mandatory provisions of K. S. A. 1972 Supp. 22-2903 deal with appearances before a magistrate which lead up to and include the preliminary examination. They do not apply to a criminal trial.

The prior statute (K. S. A. 62-616) provided that the separation of witnesses during the preliminary hearing was discretionary. In 1970 the legislature made the separation of witnesses at a preliminary hearing mandatory on request of either the state or the defendant. No similar statutory provision has been cited which applies to the separation of witnesses during a trial, and we know of none.

Therefore the subject of exclusion and separation of witnesses during the trial continues to be governed by our case law. We have consistently held the exclusion or sequestration of witnesses during a criminal trial is a matter not of right but of discretion on the part of the trial court. This rule has been applied both before and after the effective date of the Kansas Code of Criminal Procedure. See *State v. Theus,* 207 Kan. 571, 485 P. 2d 1327, and *State v. Owens & Carlisle,* 210 Kan. 628, 504 P. 2d 249.

The defendant bases his contention as to separation of the witnesses on the mandatory provisions of the preliminary hearing statute. He does not attempt to establish prejudice or an abuse of discretion. The contention is without merit.

Defendant next claims prejudicial error based upon failure of his trial counsel to file notice of alibi as required by K. S. A. 1972 Supp. 22-3218 resulting in an exclusion of testimony to establish such alibi.

The defendant was charged and convicted of stealing a 1967 Chevrolet automobile. The theft occurred on June 11, 1970. He was also charged with theft of a 1963 Chevrolet automobile. This theft occurred on August 18, 1970. These separate charges were consolidated for trial. Defendant was acquitted on the latter charge. Separate defenses were made to these two charges. As to the first charge on which he was convicted defendant's evidence tended to establish he had purchased the car from a third party by the name of Don, John or Jack. As to the second charge on which he was acquitted defendant's defense was based upon alibi. Since defendant was acquitted on this charge the questions he raises on appeal regarding the exclusion of testimony to support his alibi would have no effect on the rights of the defendant. This court will

not consider abstract questions which can no longer have effect on the rights of the parties. (*Taylor v. State*, 198 Kan. 648, 426 P. 2d 159; *Wood v. Gautier*, 201 Kan. 74, 76, 439 P. 2d 73; *Daugherty v. State*, 204 Kan. 604, 606, 464 P. 2d 221.) Defendant cannot again be put in jeopardy for the same offense on which he was acquitted. (Constitution of the State of Kansas, Section 10 of the Bill of Rights.) Therefore the failure of trial counsel to file notice of alibi under K. S. A. 1972 Supp. 22-3218 and any erroneous exclusion of evidence thereon are abstract questions which we decline to answer.

Defendant urges this court to reverse the case because the trial court failed to admonish the jury immediately prior to their deliberations in the jury room. This assignment of error rests on the view that the court is required to admonish the jury at every separation, and failure to do so entitles him to a new trial *per se*. Defendant did not request an opportunity to examine the jurors to determine if misconduct occurred as a result of their separation, and no showing of misconduct appears in the record.

K. S. A. 1972 Supp. 22-3420 (2) provides:

"If the jury is permitted to separate, either during the trial or after the case is submitted to them, they shall be admonished by the court that it is their duty not to converse with, or allow themselves to be addressed by any other person on any subject of the trial, and that it is their duty not to form or express an opinion thereon until the case is finally submitted to them, and that such admonition shall apply to every subsequent separation of the jury."

The defendant does not contend that the admonishment was not given when the jury first was allowed to separate. The statute sets forth what the admonition of the court should cover. The admonition includes the statement "that such admonition shall apply to every subsequent separation of the jury." This would seem to imply that the initial admonition is sufficient. (See 13 Vernon's K. S. A. 22-3420, p. 302 authors' comments.) The better practice would seem to be to remind a jury on each separation. The present statute appears to relax the former requirements of K. S. A. 62-1446 and provides the same rules respecting the conduct of jurors in both criminal and civil cases (See K. S. A. 1972 Supp. 60-248 [*d*].) Under the more stringent rule of the prior statute this court held it was the duty of the trial judge to admonish the jury at each adjournment of the court but prejudicial error would not be presumed from failure to admonish the jury at a recess. (*State v. Bell*, 206 Kan. 36, 476 P. 2d 213.)

Under the provisions of K. S. A. 1972 Supp. 22-3420 (2) the trial judge should admonish the jury in accordance with the statute at each separation and adjournment of court but prejudicial error will not be presumed from one such failure in the absence of a showing of prejudicial misconduct on the part of jurors resulting therefrom. No prejudice or misconduct appears in the record of this case.

Defendant's next point of claimed error relates to cross-examination of the defendant as to prior infractions of the law as a juvenile. Defendant took the stand in his own defense and in response to questions from his counsel testified that his first statements to the officers were not true. He further testified that the reason he did not tell them the truth was because he had previously been in trouble with the law and when he told them the truth "they nailed me." He testified he had previously pled guilty to a burglary charge at the Nance Speed Shop. This testimony on direct exam- ination relates to credibility.

On cross-examination by the state the defendant was then ques- tioned about various petitions which had been filed against him as a juvenile which included charges of petty larceny and theft which had occurred over a period of at least a year.

The defendant argues that the admission of this testimony of prior crimes of the defendant when a juvenile violated the provisions of K. S. A. 60-421 on affecting credibility and the provisions of K. S. A. 60-455 on disposition to commit crime. In support he cites *State v. Motley,* 199 Kan. 335, 430 P. 2d 264; *State v. Roth,* 200 Kan. 677, 438 P. 2d 58; and *State v. Rambo,* 208 Kan. 929, 495 P. 2d 101.

In response the state says it does not seek to justify reception of the challenged evidence under these statutes. The state contends the subject was opened on direct examination and it is elemental that a subject once opened by defendant can be developed and ex- plored.

On examining the record in this case we believe the state's con- tention is supported by the record. In *State v. Roth,* supra, the statutes, K. S. A. 60-421 and 60-455, were discussed and at page 681 of the opinion a distinction was made as to cross-examination of a defendant when such was responsive to testimony given on direct examination, if material or relevant thereto. The cross-exam- ination of an accused in a criminal case is subject to the same rules as apply to the testimony of other witnesses.

In *State v. Fahy,* 201 Kan. 366, 440 P. 2d 566, it was held that

when the defendant on direct examination made statements concerning charges in the juvenile court it was not error to permit cross-examination of defendant concerning his conviction in said court of contributing to the dependency and neglect of a minor child.

*State v. Pappan,* 206 Kan. 195, 477 P. 2d 989, holds:

"A defendant cannot avoid cross-examination on matters to which he has testified in chief. When a subject is opened on direct examination, the cross-examination may develop and explore various phases of that subject." (Syl. ¶ 1.)

We believe that *Pappan* disposes of defendant's argument on this subject for in addition to the above it was pointed out in the opinion that the court's failure to give a limiting instruction on the purpose of evidence of prior crimes, as mandated in *State v. Roth,* supra, was not required when the challenged evidence was admissible independently of K. S. A. 60-455. We adhere to the rules in *Pappan.*

It is not prejudicially erroneous for the court to fail to give a limiting instruction on the purpose of evidence of prior crimes when the challenged evidence is admissible independently of K. S. A. 60-455.

Defendant next contends it was prejudicial error for the trial court to consolidate the two separate informations for trial. Defendant was first charged in connection with the theft of the 1967 Chevrolet automobile on June 11, 1970, from Eddie's Toyota in Wichita, Kansas. A second information was filed against him on the theft of the 1963 Chevrolet automobile on August 18, 1970, from Leo W. Wehcamp in Wichita, Kansas. The district court consolidated the cases for trial. Defendant contends it was error to consolidate the cases because they were unrelated offenses, did not arise from the same transaction and were not part of one comprehensive plan or design.

K. S. A. 1972 Supp. 22-3203 codifies prior case law governing joinder of offenses in one information and consolidation of separate informations for trial. (*State v. Thomas,* 206 Kan. 603, 609, 481 P. 2d 964.) The statute directs:

"The court may order two or more complaints, informations or indictments against a single defendant to be tried together if the crimes could have been joined in a single complaint, information or indictment."

In *State v. Thomas,* supra, the test was clearly set forth. When

all of the offenses are of the same general character, require the same mode of trial, the same kind of evidence and occur in the same jurisdiction the defendant may be tried upon several counts of one information or if separate informations have been filed they may be consolidated for trial at one and the same trial. (See also *State v. Anderson*, 202 Kan. 52, 446 P. 2d 844; *State v. Jones*, 202 Kan. 31, 446 P. 2d 851; and *State v. Browning*, 182 Kan. 244, 320 P. 2d 844, appeal dismissed 356 U. S. 583, 2 L. Ed. 2d 1063, 78 S. Ct. 1002.)

Consolidation was proper in the present case under the above stated rule. On the issue of consolidation it is not controlling that the crimes arose from the same transaction or with a single motive and plan as contended by defendant, and in addition defendant's claim of prejudice is refuted by the jury's verdict which convicted on but one charge.

Defendant's final point is utterly without merit and finds no support in the record. He claims to have been improperly denied bond. The record indicates the amount of the bond was set. Defendant makes the highly novel argument that when he was charged with the second offense counsel was appointed for him as an indigent and thereafter no bondsmen would make bail for him. In other words the court by appointing counsel for him as an indigent prevented him from obtaining a bond. The point raised is ridiculous and deserves no further comment.

Judgment and sentence are affirmed.