No. 47,723

STATE OF KANSAS, *Appellee,* v. CLYDE RALPH, *Appellant.*

(537 P. 2d 200)

Opinion filed June 14, 1975.

*Christopher J. Redmond,* of Redmond and Redmond, of Wichita, argued the cause and was on the brief for the appellant.

*Stephen M. Joseph,* assistant district attorney, argued the cause, and *Curt T. Schneider,* attorney general, and *Keith Sanborn,* district attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

Foth, C.: On August 6, 1973, at about 6:00 p. m., Hawk's Pharmacy in Wichita was held up at gunpoint by an individual who demanded and obtained a quantity of narcotic drugs. Defendant Clyde W. Ralph was charged with the offense and convicted by a jury of aggravated robbery. He appeals, alleging trial errors.

At trial the state first produced the two employees who were on duty at the time of the robbery. Each positively identified Ralph as the man who held up the store and made off with a sack full of narcotics. Each had picked him out from a display of photographs, and at least one of them had identified him in a line-up. No complaint is made of their testimony.

The state's third and last witness, whose testimony gives rise to most of defendant's complaints, was Detective Harley Puckett. The defendant had filed a notice of alibi, and among the witnesses he listed was his mother, Gladys Church. As part of his investigation Detective Puckett interviewed Mrs. Church, and he was permitted to testify as to his conversation with her:

"Q. During the conversation that you have just related to us, the time and the place, during that conversation, did you have any discussion concerning drugs?

"A. Yes, we did.

"Q. Would you relate that to us, please?

"Mr. O'Hara [defense counsel]: To which I object, if the Court please. This is a case concerning a robbery of a drug store. Incompetent and immaterial.

"Mr. Wall [prosecutor]: It goes to motive, your Honor.

"The Court: Objection overruled.

"Q. (By Mr. Wall) The Judge says you can answer. Would you answer that question?

"A. In our conversation that we had I was talking about Clyde's problem stemming from drugs. We talked about how long he had been on drugs, which had been several years, and that he has been taking drugs and that she was aware of this; in fact, at one time that he had more or less passed out and she had to go get him and help him.

"Q. All right. And did you talk about his drug problem in August of 1973?

"A. Well, it was during this time, of course, prior to this, and at the present time.

"Q. All right. And did you discuss with her the amount of money that he was paying to support this drug addiction?

"A. Yes. It was mentioned that he had a hundred to a hundred-fifty dollar a day habit."

Defendant first contends that this evidence was inadmissible as hearsay. The contention is not sound. Mrs. Church had been subpoenaed by the state and was present in the courtroom. Under K. S. A. 60-460 (*a*) her prior statement was therefore admissible if she was "available for cross-examination" and if the statement would have been admissible if she had so testified. Defendant concedes as much, but says she was not "available" for cross-examination because she had a note from a doctor, apparently unverified, saying she shouldn't testify. The trial court examined this note and found it insufficient. The note is not in the record before us, but even if it were we could not say the determination of insufficiency was erroneous. The trial court would have been justified in requiring sworn testimony to show that Mrs. Church, although present, was not "available" to testify. In fact, she did testify at the trial on behalf of the defendant. That fact alone would seem to show rather conclusively that she *was* available.

Several other contentions center around the substance of the testimony, *i. e.*, that defendant was a drug addict with a hundred to a hundred-fifty dollar a day habit. As the prosecutor pointed out, the evidence was offered to show motive, the robbery being one in which only narcotics were taken and in which the cash drawer was untouched.

Defendant contends that his addiction was a "trait of character," and that proof of such trait was inadmissible under K. S. A. 60-447 because he had not put his character in issue. He also contends that it amounted to a "crime or civil wrong" so that if it was admitted under K. S. A. 60-455 to show motive, a limiting instruction was required. Neither point is well taken. Drug addiction is not the type of "character" trait dealt with in 60-447. It cannot be shown to be "good" or "bad," but is simply a medical fact. Likewise, it is not a crime or civil wrong.

A similar contention was succinctly answered in *State v. Guerrero*, 243 Ore. 616, 415 P. 2d 28. There the defendant had been apprehended while attempting to burglarize a drugstore. Drug paraphernalia on his person was introduced at trial over his objection. He contended it was inadmissible as showing another crime, while the state said it showed motive. In agreeing with the state the Oregon Supreme Court said:

"The evidence did not suggest the commission of another crime. But it did degrade defendant as a probable narcotics user. To that extent the evidence was prejudicial. Nevertheless, it also established a compelling motive for

defendant to attempt to enter a drug store. Accordingly, the evidence had real probative value and it was proper to have admitted it." (p. 617.)

See also, *Candelaria v. People,* 177 Colo. 136, 493 P. 2d 355; *State v. Taylor and State v. Chapman and State v. Abernethy,* 8 N. C. App. 88, 173 S. E. 2d 633; *Riley v. State,* 168 Tex. Crim. 417, 328 S. W. 2d 306; *People v. O'Brand,* 92 C. A. 2d 752, 207 P. 2d 1083. The evidence was admissible, and no limiting instruction was required.

Defendant also complains of the introduction of evidence of his prior burglary convictions, in one of which he stole 19 cents and in the other $37.00. This evidence came from his own mouth, on direct examination, while testifying in his own behalf. Apparently its purpose was to minimize the seriousness of the prior offenses and, by demonstrating his candor, to lend credibility to his alibi defense in this case. He cannot predicate error on the admission of evidence he himself introduced. And, because it was not introduced by the state for any of the purposes listed in K. S. A. 60-455, a limiting instruction was not called for. *State v. Greene,* 214 Kan. 78, 82, 519 P. 2d 651.

The same rule forecloses his assertion of error in admitting evidence of plea bargaining, which included a reference to other charges pending against him. On direct examination defendant described a conversation with Detective Puckett; the cross-examination explored some of the details of that conversation. Such cross-examination was entirely proper, for as we said in *State v. Pappan,* 206 Kan. 195, 477 P. 2d 989:

"A defendant cannot avoid cross-examination on matters to which he has testified in chief. When a subject is opened on direct examination, the cross-examination may develop and explore various phases of that subject." (Syl. ¶ 1.)

See also, *State v. Ralls,* 213 Kan. 249, 515 P. 2d 1205. Not only was the cross-examination within the scope of the direct, but when the reference to the other charges was made defendant's objection was sustained. There was no error.

Finally, we have examined defendant's complaints about the prosecutor's closing argument. No contemporaneous objection was made and there was no request for an admonition. See, *State v. Ralls,* supra. Further, the comments complained of were within the

bounds of the evidence and were fair argument. An objection would have been unavailing.

The conviction is affirmed.

APPROVED BY THE COURT.

FROMME, J., not participating.