221 Kan. 40 (1976)
558 P.2d 1087
STATE OF KANSAS, Appellee,
v.
EVERETT E. BURNETT, Appellant.
No. 48,132
Supreme Court of Kansas.
Opinion filed December 11, 1976.
Richard L. Hilton, of Wichita, argued the cause and was on the brief for the appellant.
Stephen M. Joseph, assistant district attorney, argued the cause, and Curt T. Schneider, attorney general, Keith Sanborn, district attorney, and Robert L. Kennedy, Jr., assistant district attorney, were on the brief for the appellee.
The opinion of the court was delivered by
OWSLEY, J.:
This is a direct appeal from a jury verdict wherein defendant Everett E. Burnett was found guilty of eleven counts of burglary (K.S.A. 21-3715), eight counts of felony theft and two counts of misdemeanor theft (K.S.A. 21-3701 [a]). Defendant alleges the trial court erred (1) in allowing rebuttal witnesses to testify about crimes committed in Oklahoma, (2) in failing to give limiting instructions, and (3) in not instructing the jury on conspiracy to commit burglary as a lesser included offense of burglary.
*41 The facts indicate that on March 6, 1974, a number of Wichita residences were burglarized. In most instances, entry was gained by twisting a doorknob with a large vise-like tool. One victim was Nelson S. Remington. As he returned home at about 2:30 p.m., he saw two men running from the vicinity of his home to a late model black Ford pickup with a black topper and Texas license tags. They joined a man already in the truck. At about the same time, Remington noticed a doorknob to his house was lying on the ground and he concluded a burglary had taken place. He followed the pickup, using his CB radio to contact his wife, who in turn informed police of the pickup's location. A Wichita police helicopter spotted the truck and followed it to a parking lot where two men, later identified as Bobby Wayne Hulan and Kenneth Wayne Cottrell, were apprehended.
The pickup contained a variety of items, including a stereo, a rifle, television sets, and other miscellaneous items. Although none of the victims could identify the burglars, Remington identified a dark green metal box found on the front seat of the pickup as one taken from his home. Another victim identified the rifle found in the cargo area of the pickup.
Michael Hill, a Wichita police sergeant, left the arrest area to check on the reported burglary of the Remington residence. He was returning to the site of the arrest when he spotted another black Ford pickup in a Safeway parking lot. It also bore Texas license plates differing from the first by only one number. It was almost identical to the first pickup except it had a white topper. Although it was locked, officers could see it was loaded with various articles. Hill remembered there was a walkie-talkie in the first pickup and suspected more individuals might be involved in the burglaries.
Officers staked out the second pickup and shortly thereafter a taxi pulled into the parking lot. Two individuals alighted, got in the truck and drove off. Police stopped the vehicle and arrested Jimmy Williams and the defendant. A walkie-talkie was also found in the second pickup, along with stolen property.
Subsequent to arrest, Williams and defendant, along with the two other co-defendants, were given Miranda warnings and transported to the Wichita police station. Williams confessed that he came from Dallas to Wichita to rob houses. Defendant did not confess but told police he had just made a non-stop trip to Wichita from Dallas.
*42 Williams and the other two codefendants pled guilty. Burnett exercised his right to a jury trial and pled not guilty. At trial defendant attempted to show he was innocently associated with the three codefendants and knew nothing of their criminal activity. Williams testified he gave defendant a ride to Wichita from Dallas because defendant was looking for carpentry work at a Wichita job site. He further stated defendant had nothing to do with the burglaries. Defendant's testimony corroborated Williams' story. He told the jury he started out for Wichita to look for work when he had car trouble. Williams was going to Omaha and offered him a ride. The day of the burglaries Williams dropped defendant off near some apartments under construction and met him again about 4:00 p.m. at a doughnut shop.
Defendant offered an alibi for the time from the Remington burglary until his arrest. From approximately 1:00 p.m. until 4:00 p.m. he said he was at a doughnut shop. A waitress at the shop testified defendant came into the shop shortly after noon. Another man came in later and the two men left together in a taxi about 4:30 p.m.
Both defendant and Williams testified they did not make any stops in Oklahoma on their way to Wichita. Over defense counsel's objection, rebuttal evidence was presented by the state. Dale Croft, Nancy Stacy and Judy Gross, all of Oklahoma, testified their residences had been burglarized on the day before the Wichita burglaries and the items taken had been recovered in the two black pickups stopped in Wichita. Two persons testified they saw a black pickup with a white topper (similar to the pickup defendant was in when arrested) shortly before a burglary took place. An Edmond, Oklahoma, police officer stated that a burglary had been committed by three white males in a black Ford pickup with a white topper. At about the same time another black Ford pickup with a black topper and bearing Texas license plates was observed in a parking lot twenty-two blocks from one of the burglaries.
The jury returned a guilty verdict on all counts. Motion for a new trial was overruled. Defendant had two prior felony convictions and was sentenced to a term of nine to thirty years. Appeal was duly perfected.
Defendant first contends the trial court erred in allowing rebuttal witnesses to testify to prior crimes committed in Oklahoma. He *43 contends this is improper rebuttal testimony in violation of K.S.A. 60-421 (limitations on evidence of conviction of crime as affecting credibility) and 60-455 (other crimes or civil wrongs). We cannot agree. Use of 60-421 and 60-455 was ruled out by the state as a basis for the evidence. It was introduced solely for rebuttal purposes. Rebuttal evidence is that which is presented to deny some fact an adverse party has attempted to prove or has placed in dispute. (State v. Norwood, 217 Kan. 150, 154, 535 P.2d 996; State v. Freeman, 195 Kan. 561, 568, 408 P.2d 612, cert. denied, 384 U.S. 1025, 16 L.Ed.2d 1030, 86 S.Ct. 1981.) In State v. Emery, 218 Kan. 423, 543 P.2d 897, this court said:
"`... Rebutting evidence is that which is given to explain, repel, counteract, or disprove testimony or facts introduced by or on behalf of the adverse party. Such evidence includes not merely evidence which contradicts the witnesses on the opposite side and corroborates those of the party who began, but also evidence in denial of any affirmative fact which the answering party has endeavored to prove.' [29 Am.Jur.2d, Evidence, § 250, pp. 298-99.]" (p. 427.)
(See also, Jacks v. Cloughley, 203 Kan. 699, 457 P.2d 175.) The use and extent of rebuttal rests in the sound discretion of the trial court. (State v. Barnes, 220 Kan. 25, 551 P.2d 815; State v. Emery, supra; State v. Norwood, supra; Jacks v. Cloughley, supra; State v. Neff, 169 Kan. 116, 125, 218 P.2d 248, cert. denied, 340 U.S. 866, 95 L.Ed. 632, 71 S.Ct. 90, and cases cited therein.) The ruling of the trial court will not be ground for reversal unless it appears discretion has been abused to appellant's prejudice. (State v. Freeman, supra; State, ex rel., v. Stout, 101 Kan. 600, 168 Pac. 853.)
When a defendant takes the stand, he takes his character and integrity with him and cannot complain because he is subjected to the same inquiries and tests as other witnesses. (State v. Bly, 215 Kan. 168, 182, 523 P.2d 397; State v. Jackson, 201 Kan. 795, 797, 443 P.2d 279, cert. denied, 394 U.S. 908, 22 L.Ed.2d 219, 89 S.Ct. 1019; State v. Wilson, 108 Kan. 433, 435, 195 Pac. 618.) This includes the right to cross-examine a defendant within the limits of K.S.A. 60-421. (State v. Jackson, supra at 797-98.) Furthermore, cross-examination of an accused in a criminal case is subject to the same rules which apply to any other witnesses. (State v. Roth, 200 Kan. 677, 681, 438 P.2d 58, and cases cited therein.) For this reason, a defendant waives immunity on matters to which he testifies and may be cross-examined further on those subjects. (State v. Harris, 215 Kan. 961, 963, 529 P.2d 101, and cases cited therein.) In State v. Pappan, 206 Kan. 195, 477 P.2d 989, we held:

*44 "A defendant cannot avoid cross-examination on matters to which he has testified in chief. When a subject is opened on direct examination, the cross-examination may develop and explore various phases of that subject." (Syl. 1.)
(See also, State v. Ralph, 217 Kan. 457, 537 P.2d 200; State v. Ralls, 213 Kan. 249, 515 P.2d 1205; State v. Scoggins, 199 Kan. 108, 427 P.2d 603.) The extent of cross-examination in these instances lies largely within the discretion of the trial court. (State v. Nirschl, 208 Kan. 111, 116-17, 490 P.2d 917, and cases cited therein.)
Defendant told a story which if believed could have resulted in his acquittal. He attempted to paint a picture of a man who had innocently and unsuspectingly associated himself with three criminals. As a part of his scenario he denied he had been in a location at a time when similar burglaries were being committed. Thus, his relationship with the codefendants and his knowledge of their activities were placed squarely in issue. The state properly responded to the defense with rebuttal evidence. (State v. Phippen, 207 Kan. 224, 230, 485 P.2d 336; State v. Caldrone, 205 Kan. 828, 834, 473 P.2d 66, cert. deniet, 401 U.S. 916, 27 L.Ed.2d 817, 91 S.Ct. 896.)
While a defendant has a privilege to testify or refuse to do so in his own defense, and is protected by K.S.A. 60-421 and 60-455, those privileges and protections cannot be construed as a license to commit perjury with impunity. (State v. Faulkner, 220 Kan. 153, 551 P.2d 1247; State v. Giddings, 216 Kan. 14, 531 P.2d 445.) In Giddings, this court quoted from Harris v. New York, 401 U.S. 222, 28 L.Ed.2d 1, 91 S.Ct. 643, pp. 225-26:
"... Having voluntarily taken the stand, petitioner was under an obligation to speak truthfully and accurately, and the prosecution here did no more than utilize the traditional truth-testing devices of the adversary process. Had inconsistent statements been made by the accused to some third person, it could hardly be contended that the conflict could not be laid before the jury by way of cross-examination and impeachment.'" (p. 24.)
(In accord, State v. Barnes, supra; State v. Crowe, 207 Kan. 473, 486 P.2d 503; State v. Jackson, supra.)
Defendant also argues the trial court erred in not giving a limiting instruction for use of the rebuttal testimony, citing K.S.A. 60-455. The point is not well taken. Because the evidence was not introduced by the state for any purposes listed in 60-455, a limiting instruction was not necessary. (State v. Ralph, supra; State v. Rasler, 216 Kan. 582, 586, 533 P.2d 1262; State v. Bly, supra at 176.)
*45 Defendant argues as his last point that a lesser included offense for conspiracy to commit burglary should have accompanied the jury instruction for burglary. No request for the instruction was made at trial.
For an offense to be considered a lesser included offense of another, all the elements necessary to establish the lesser offense must be present and be required to prove the elements of the greater offense. (State v. Evans, 219 Kan. 515, 548 P.2d 772; State v. Collins, 217 Kan. 418, 536 P.2d 1382; Wisner v. State, 216 Kan. 523, 532 P.2d 1051; State v. Giddings, supra, and cases cited therein.) If each offense is separate and distinct, requiring proof of an element not necessary in the other, then neither can be a lesser offense of the other. (State v. Evans, supra; Wisner v. State, supra; State v. Woods, 214 Kan. 739, 522 P.2d 967.)
K.S.A. 21-3302 (1) defines criminal conspiracy in the following words:
"A conspiracy is an agreement with another person to commit a crime or to assist to commit a crime. No person may be convicted of a conspiracy unless an overt act in furtherance of such conspiracy is alleged and proved to have been committed by him or by a co-conspirator."
The essence of conspiracy is an agreement between two or more persons to commit a crime (State v. Campbell, 217 Kan. 756, 539 P.2d 329, cert. denied, 423 U.S. 1017, 46 L.Ed.2d 389, 96 S.Ct. 453; Hudspeth v. McDonald, 120 F.2d 962 [10th Cir.1941], cert. denied, 314 U.S. 617, 86 L.Ed. 496, 62 S.Ct. 110, reh. denied, 325 U.S. 892, 89 L.Ed. 2004, 65 S.Ct. 1181), such crime being one which does not necessarily require the participation of two persons for its commission. (State v. Campbell, supra; Johl v. United States, 370 F.2d 174 [9th Cir.1966]; State v. Lennon, 3 N.J. 337, 70 A.2d 154 [1949]; 15A C.J.S., Conspiracy, § 47b, p. 762.)
As a general rule conspiracy to commit a crime and the substantive crime are held to be separate and distinct offenses. (Morrison v. Hunter, 161 F.2d 723 [10th Cir.1947]; Spencer v. Hunter, 139 F.2d 828 [10th Cir.1944]; Blue v. United States, 138 F.2d 351 [6th Cir.1943]; Hostetter v. United States, 16 F.2d 921 [8th Cir.1926]; United States v. Iannelli, 339 F. Supp. 171 [W.D. Penn. 1972]; State v. Faillace, 134 Conn. 181, 56 A.2d 167 [1947]; State v. Pooler et al., 141 Maine 274, 43 A.2d 353 [1945]; 16 Am.Jur.2d, Conspiracy, § 5, p. 130; 15A C.J.S., Conspiracy, § 47, p. 758.)
Conspiracy to commit burglary requires an agreement between *46 two or more persons to commit a burglary. Burglary is an offense which may be committed by a single person, without an agreement with another person. Proof of a burglary does not prove all the elements required to prove conspiracy; therefore, conspiracy to commit burglary is not a lesser included offense of burglary.
While this issue is one of first impression in this jurisdiction, our decision that burglary and conspiracy to commit burglary are separate and distinct offenses has support. (United States v. Johnson, 426 F.2d 1112 [7th Cir.1970]; United States v. Kramer, 289 F.2d 909 [2d Cir.1961].)
The judgment of the lower court is affirmed.