(604 P.2d 284)

No. 50,836

STATE OF KANSAS, *Appellee,* v. NATHANIAL BURNETT, JR., *Appellant.*

Opinion filed December 28, 1979.

*Gunnar A. Sundby* of Stillings & Caplinger, of Atchison, for the appellant.

*Thomas F. Werring,* county attorney, and *Robert T. Stephan,* attorney general, for the appellee.

Before FOTH, C.J., SPENCER and PARKS, JJ.

SPENCER, J.: Defendant was convicted of felony theft pursuant to K.S.A. 21-3701 and has appealed.

It is contended the trial court erred in admitting defendant's written statement into evidence. The statement was essentially a confession in which defendant implicated himself in the theft of

the property in question. He does not claim he was unaware of what he was doing or that his doing so was an involuntary act on his part, nor does he claim a *Miranda* violation. Rather, defendant contends the statement was inadmissible because his appointed counsel was not present at the time he prepared the statement and delivered it to the officers.

An evidentiary hearing was conducted and the trial court concluded defendant's written statement was admissible. If there is substantial competent evidence to support that finding, it will not be disturbed on appeal. *State v. Porter,* 223 Kan. 114, 574 P.2d 187 (1977); *State v. Wilson,* 215 Kan. 28, 523 P.2d 337 (1974).

It has been repeatedly held that an accused may waive his right to have counsel present during a police interview both before and after formal charges are filed. *State v. Porter,* 223 Kan. 114; *State v. Smolin,* 221 Kan. 149, 557 P.2d 1241 (1976); *State v. Barry,* 216 Kan. 609, 533 P.2d 1308 (1974). Further, a voluntary statement by an accused is not inadmissible solely because it was given when the accused did not have counsel present. *State v. Taylor,* 217 Kan. 706, 538 P.2d 1375 (1975); *State v. Nichols,* 212 Kan. 814, 512 P.2d 329 (1973); *State v. Melton,* 207 Kan. 700, 486 P.2d 1361 (1971); *State v. Brown,* 198 Kan. 473, 426 P.2d 129 (1967).

The record in this case reveals the statement in question was prepared by defendant in his own handwriting, only after he had asked and "kept on asking" that he be permitted to do so. It was not prepared during a police interview and no interrogation occurred. At that time, he was advised of his constitutional rights, including his right to have counsel present, and defendant indicated his understanding of those rights. He signed a written waiver and does not contend he was coerced into doing so. The record on appeal clearly reflects substantial competent evidence that defendant voluntarily and intelligently waived his right to have counsel present at the time he made his written statement. See *State v. Jones,* 220 Kan. 136, 551 P.2d 801 (1976).

It is argued the State's cross-examination of defendant was improper in that it exceeded the scope of direct examination and was in violation of K.S.A. 60-421.

Defendant chose to testify. On direct examination he was asked to explain to the jury "why you signed that statement; why you wrote it out?" His reply was that he had been asking to write a statement; that he, Chuckie Williams, and Debbie Williams "did

a burglary together"; that Debbie was his girlfriend and it was the first time she and her brother had been in jail; that he didn't want to see Debbie do any time and so he had asked to make a statement; that he had done so to get Debbie off the burglary charge and as "[m]erely protection in a way"; but that the statement was not really true. On cross-examination defendant was asked to explain his reference to the burglary, which he did by saying that he referred to the current charge against him, but that he, Debbie and Chuckie Williams had all been together. When asked to explain what he meant when he said his written statement was as a protection for Debbie, his reply was:

"Because I feel sorry for her—well, I was told my probation was violated at that time, so I feel I was going down anyway 'cause when I was in front of the Judge Lowry last time, he told me don't come back, so I just said since I'm going, I might as well take the rap for them rather than all three of us going."

Defendant then testified that both Debbie and her brother had been involved and knew what was going on. When asked why he had been before Judge Lowry before, he replied, "Burglary," and objection was entered.

K.S.A. 60-421 prohibits cross-examination of an accused concerning prior convictions when such is not within the scope of the direct examination and the accused has not introduced evidence for the purpose of supporting his own credibility. *State v. Harris,* 215 Kan. 961, 529 P.2d 101 (1974); *State v. Motley,* 199 Kan. 335, 430 P.2d 264 (1967). However, defendant's testimony that he, Chuckie Williams, and Debbie Williams "did a burglary together," and his further explanation as to why he had written and signed the statement, were on direct examination and a defendant cannot avoid cross-examination on matters about which he has testified on direct. When a subject is opened on direct examination, the cross-examination may develop and explore various phases of that subject. *State v. Burnett,* 221 Kan. 40, Syl. ¶ 1, 558 P.2d 1087 (1976); *State v. Ralph,* 217 Kan. 457, Syl. ¶¶ 7, 8, 537 P.2d 200 (1975); *State v. Pappan,* 206 Kan. 195, Syl. ¶ 1, 477 P.2d 989 (1970).

Clearly, defendant, on direct examination, sought to repudiate the statement he had previously given and to explain why the jury should believe his testimony given at trial rather than the contents of his statement. The prosecution was entitled to inquire into the explanation offered by defendant, who had himself

opened the door for such inquiry. We find no error on this point.

Finally, it is argued the trial court erred in instructing the jury as to the offense charged. Defendant was charged only with violating K.S.A. 21-3701(*d*), "Obtaining control over stolen property knowing the property to have been stolen by another." Although the jury instructions are not included in the record, it appears the trial court instructed the jury alternatively under both 3701(*d*) and under 3701(*a*), "Obtaining or exerting unauthorized control over property."

In charging a jury in a criminal case, it is the duty of the trial judge to define the offense charged, stating to the jury the essential elements of the crime either in the language of the statute or in other appropriate words. *State v. Miller,* 222 Kan. 405, 565 P.2d 228 (1977); *State v. Bandt,* 219 Kan. 816, 549 P.2d 936 (1976). On appellate review, instructions to a jury are to be considered in their entirety and each instruction is to be considered in connection with all other instructions in the case. *State v. Jerrel,* 200 Kan. 415, 436 P.2d 973 (1968); *Coleman v. Brotherhood State Bank,* 3 Kan. App. 2d 162, 592 P.2d 103 (1979).

This court has not been favored with the text of the instructions given the jury. Therefore, the instructions cannot be considered in their entirety, nor can the exact language employed by the trial court in giving the challenged instruction be scrutinized. It is incumbent upon the party appealing to bring up a complete record of all matters on which appellate review is sought; and when there are questions raised regarding jury instructions, the party appealing must include at least all instructions pertinent to the point in question in the record on appeal. *State v. Robertson,* 221 Kan. 409, 411, 559 P.2d 810 (1977); *State v. Perales,* 220 Kan. 777, 779, 556 P.2d 172 (1976).

There was an abundance of evidence to establish defendant's guilt of the charge against him. The type of instruction as was given in this case is not approved. However, technical errors and irregularities which do not affirmatively prejudice the substantial rights of the party complaining will ordinarily be disregarded and defendant has not demonstrated prejudice. See *State v. Mims,* 222 Kan. 335, 564 P.2d 531 (1977).

Affirmed.