(635 P.2d 1261)

No. 52,528

STATE OF KANSAS, *Appellee,* v. THOMAS SAAD, *Appellant.*

Opinion filed November 5, 1981.

*Stephen E. Robison,* of Joseph, Robison & Anderson, of Wichita, for appellant.

*Beverly Dempsey,* assistant district attorney, *Clark V. Owens,* district attorney, and *Robert T. Stephan,* attorney general, for appellee.

Before ABBOTT, P.J., SPENCER and MEYER, JJ.

ABBOTT, J.: This is a direct appeal by the defendant, Thomas Saad, from a conviction by a jury of involuntary manslaughter. The victim was the three-month-old son of the defendant.

Defendant raises three issues. He first argues that the trial court erred in overruling his motion in limine where he sought to preclude medical evidence of old fractures of the victim's bones until the State proved a connection between those fractures and acts of the defendant. His second point is related to the motion in limine in that he claims the trial court erred in admitting evidence of prior fractures of the victim's bones because there was no evidence to connect the acts of the defendant to the old fractures.

The infant died because of a lack of oxygen to the brain as the result of a subdural hematoma caused by a blow to the head; the increased pressure of the hematoma diminished the blood supply to the point that the brain "died." The evidence defendant sought to exclude pertained to two fractured lower posterior ribs (one on the right side and one on the left) estimated to have occurred within ten days of the fatal head injury, nine fractured ribs (four on the right side and five on the left) estimated to have been more than 14 days old, and a fracture to the ulna in the left upper forearm estimated to be four to six weeks old.

The general rule concerning motions in limine in criminal cases is set forth in *State v. Quick,* 226 Kan. 308, 597 P.2d 1108 (1979). If the medical evidence of old fractures was admissible in evidence, then defendant's argument concerning both issues must fail. We believe the evidence to be admissible. The infant was three months of age, weighed barely eleven pounds and was

comatose when admitted to the hospital. The infant's body undeniably bore evidence of gross mistreatment over a two-month period, which evidence is admissible when considered with other evidence even though the State was unable to offer direct evidence of exactly when each injury occurred. The defendant gave a statement that he had lost his "patience" and hit the infant on two prior occasions, and that his "cuddles" turned into "squeezes." His wife also testified he had struck the child on two prior occasions that she knew of, and that the baby was afraid of him. We believe the evidence was relevant and admissible even though it showed a crime, or crimes, other than that charged. *State v. Burnett,* 221 Kan. 40, 558 P.2d 1087 (1976); *State v. Rasler,* 216 Kan. 582, 533 P.2d 1262 (1975).

Defendant's third point is that the trial court erred in overruling his motion for judgment of acquittal. Both parties acknowledge this court's scope of review to be that set forth in *State v. Gustin,* 212 Kan. 475, Syl. ¶ 3, 510 P.2d 1290 (1973), as follows:

"A trial judge in passing upon a motion for judgment of acquittal must determine whether upon the evidence, giving full play to the right of the jury to determine credibility, weigh the evidence, and draw justifiable inferences of fact, a reasonable mind might fairly conclude guilt beyond a reasonable doubt. If he concludes guilt beyond a reasonable doubt is a fairly possible result, he must deny the motion and let the jury decide the matter. If he concludes that upon the evidence there must be such a doubt in a reasonable mind, he must grant the motion."

In our opinion, the trial court correctly submitted the case to the jury. Without unduly prolonging this opinion, the defendant told his wife he "did it" and he gave law enforcement officers a statement that the day the infant received the head injury he was holding the infant and patting him and the pats turned into "hits," that he "cuddled" the infant and as he became frustrated he "got to squeezing him real hard." In addition, he ended the statement saying, "I've never murdered anybody before or anything of this sort."

Counsel for defendant recognizes that many of the issues are questions of fact and that his argument to some extent parallels his argument to the jury. If the jury believed defendant as to when he struck the child on the head, then counsel's argument of what he perceived the medical evidence to be in relation to when the blow was struck that ultimately proved fatal would be more persuasive. The jury was not required to believe defendant as to

when the fatal blow was struck, and the medical evidence leaves considerable leeway as to when the various events occurred. The trial court correctly submitted the case to the jury and the record contains substantial competent evidence to support the conviction.

Affirmed.