No. 53,521

STATE OF KANSAS, *Appellee*, v. JAMES A. BAGBY, *Appellant.*

(642 P.2d 993)

Opinion filed April 3, 1982.

*Charles A. O'Hara,* of O'Hara, Busch, Johnson & Falk, of Wichita, argued the cause and was on the brief for the appellant.

*Jack Peggs,* assistant district attorney, argued the cause, and *Robert T. Stephan,* attorney general, and *Clark V. Owens,* district attorney, were with him on the brief for the appellant.

The opinion of the court was delivered by

SCHROEDER, C.J.: This is a criminal action in which James A. Bagby (defendant-appellant) appeals convictions by a Sedgwick County jury of aggravated burglary (K.S.A. 21-3716), attempted rape (K.S.A. 21-3301 and, 21-3502), and aggravated sodomy (K.S.A. 21-3506).

The convictions were obtained in the consolidation of two separate criminal actions against the defendant which together involved three victims and alleged in multiple counts aggravated burglary, attempted and actual rape, and aggravated sodomy. Each of the three victims testified as prosecution witnesses; however, at the conclusion of the State's case, the court dismissed

six counts relating to two of the victims. Three counts relating to one victim went to the jury, and the jury returned verdicts of guilty on all three counts.

The case submitted to the jury involved an incident which occurred at approximately 7:00 p.m. on January 27, 1981. Ms. W. was standing in a walk-in closet in her apartment when she saw a man come into her bedroom. He forcibly removed her from the closet and threatened to harm her if she screamed. At that time he had in his possession a yellow-handled screwdriver. After securing the door and turning the lights out, the man forced Ms. W. to perform acts of oral sodomy. Before an actual rape occurred, Ms. W. managed to leave the bedroom on a ruse and flee through the back door to a neighbor's apartment. Meanwhile, Ms. S., a neighbor who was unlocking her back door, saw a black man run past, carrying part of his clothing.

Police officers arrived and, within the hour, took Ms. W. and Ms. S. to the scene of a nearby automobile accident. Ms. W. positively identified the driver of the car, James Bagby, as her assailant. She also made positive identifications of the defendant at the preliminary hearing and at trial. Ms. S. identified Bagby as the man who had run past her apartment earlier. She, too, made a positive in-court identification of the defendant.

James Bagby appeals from the jury convictions of aggravated burglary, attempted rape, and aggravated sodomy, alleging prejudice in the consolidation of the two complaints for trial and in the handling of the subsequent dismissal of six counts. He also alleges that an eyewitness identification instruction should have been given and that the State's cross-examination of the defendant was improper.

The defendant first alleges that it was error to consolidate the multiple charges of aggravated burglary, attempted or actual rape, and aggravated sodomy involving three victims.

K.S.A. 22-3203 governs consolidation for trial of separate complaints or informations:

"The court may order two or more complaints, informations or indictments against a single defendant to be tried together if the crimes could have been joined in a single complaint, information or indictment."

Joinder in the same complaint or information is proper if the crimes charged: (1) are of the same or similar character, (2) are based on the same act or transaction, or (3) are based on two or

more acts or transactions connected together or constituting parts of a common scheme or plan. K.S.A. 22-3202(1).

Consolidation in the instant action rests on the same or similar character of the crimes involved. *State v. Ralls,* 213 Kan. 249, 256-57, 515 P.2d 1205 (1973), further delineated the prerequisites for consolidation under these circumstances:

"When all of the offenses are of the same general character, require the same mode of trial, the same kind of evidence and occur in the same jurisdiction the defendant may be tried upon several counts of one information or if separate informations have been filed they may be consolidated for trial at one and the same trial."

Within these guidelines, the decision to consolidate rests within the sound discretion of the trial court and its holding will not be disturbed on appeal, absent a clear showing of abuse of the exercise of that discretion. *State v. Adams,* 218 Kan. 495, 506, 545 P.2d 1134 (1976); *State v. Browning,* 182 Kan. 244, 248, 320 P.2d 844 (1958); *State v. Acheson,* 3 Kan. App. 2d 705, 707, 601 P.2d 375 (1979).

With respect to each victim in these consolidated cases, the defendant was charged with aggravated burglary, attempted or actual rape, and aggravated sodomy. In each instance, the aggravated burglary was committed to advance the sexual acts. The offenses occurred in Wichita, Kansas, and required the same kind of, although not identical, evidence. At the preliminary hearing, each victim described a black man who threatened her with an object like a screwdriver or an ice pick. Two of the victims described similar clothing and recalled the assailant making a reference to being from New York. One positively identified the defendant and the other two said the defendant resembled the assailant although they could not make a positive identification.

Based on the offenses charged and the information available to the judge prior to trial, we cannot say he abused the exercise of his power of discretion in ordering consolidation nor can we say the defendant was prejudiced by the consolidation. The case at bar is readily distinguishable from *State v. Thomas,* 206 Kan. 603, 481 P.2d 964 (1971), to which the defendant draws our attention. In *Thomas,* unrelated forgery and murder charges were consolidated, and no instruction was given to the jury that the evidence pertaining to the forgery should be limited to that case. The court found prejudice to the defendant sufficient to require reversal. In

the case at bar, the charges consolidated were the same or similar. During the course of the trial, the court dismissed the charges relating to two of the victims and admonished the jury to disregard the testimony of those two witnesses. A review of the evidence relative to the attack on the third victim reveals sufficient evidence, independant of the testimony of the other two alleged victims, to support a conviction. The third victim positively identified the defendant as her assailant. The neighbor's identification of the defendant placed him in the vicinity at the time of the attack. In addition, a latent fingerprint lifted from the closet knob in the victim's apartment matched that of the defendant. We do not find abuse of discretion or prejudice to the defendant in the consolidation of these cases.

The defendant raises other issues related to the consolidation issue. He first contends the trial court erred in denying a motion for mistrial at the time six counts of the complaint were dismissed. K.S.A. 22-3423(1)(c) provides:

"The trial court may terminate the trial and order a mistrial at any time that he finds termination is necessary because:

. . . .

"(c) Prejudicial conduct, in or outside the courtroom makes it impossible to proceed with the trial without injustice to either the defendant or the prosecution . . . ."

Declaration of a mistrial under the provisions of K.S.A. 22-3423 is a decision largely within the discretion of the trial court, and that decision will not be set aside on appeal absent a clear showing of abuse of discretion. *State v. Everson,* 229 Kan. 540, 543, 626 P.2d 1189 (1981); *State v. McQueen & Hardyway,* 224 Kan. 420, 427, 582 P.2d 251 (1978). The defendant in this case has not shown the substantial prejudice necessary to a finding of abuse of discretion. *State v. Everson,* 229 Kan. at 543.

The defendant next attacks the adequacy of the trial court's explanation to the jury of the dismissal of six counts of the amended complaint. After a conference out of the presence of the jury, the judge announced to the jury that six counts were being withdrawn from the jury's consideration by operation of law and that the jury was to disregard the testimony of those two victim-witnesses. The defendant argues that reference to "operation of law" implies the six counts were dismissed due to a legal technicality, an implication that would have a negative impact on the jury. While the dismissal could have been explained in other

terms, we do not think the explanation given carried negative connotations which operated to prejudice the defendant. If the defendant feared such a negative interpretation, he should have requested a different explanation be made.

The defendant also complains that a further instruction should have been given to disregard the stricken testimony. As noted above, the jury was admonished to disregard the stricken testimony at the close of the State's evidence. The defendant did not request a further instruction and made no objection to the instructions as given. K.S.A. 22-3414(3). He cannot now be heard to complain of the failure to give further instruction. *State v. Graham,* 172 Kan. 627, 629, 242 P.2d 1067 (1952).

The defendant next asserts error in the court's failure to give a cautionary instruction on eyewitness identification as developed in *State v. Warren,* 230 Kan. 385, 635 P.2d 1236 (1981). *Warren* provides that "in any criminal action in which eyewitness identification is a critical part of the prosecution's case and there is a serious question about the reliability of the identification, a cautionary instruction should be given advising the jury as to the factors to be considered in weighing the credibility of the eyewitness identification testimony." 230 Kan. at 397.

Two witnesses are of concern to the defendant. Ms. W. testified that the man who came into her home had sunglasses on and that at the scene of the accident gauze covered his face from just below the nose down. The record also reveals, however, that Ms. W. saw the defendant in a lighted room prior to the attack and that he did not wear the sunglasses the whole time. Ms. S. saw the defendant running past her apartment and apparently made a reference to the defense attorney prior to trial about the difficulty of identifying a black person. Nevertheless, Ms. S. did see the defendant in a well-lighted area and, like Ms. W., did make a positive identification shortly thereafter despite the presence of gauze on the lower part of his face. We find no serious question about the reliability of either identification; therefore, no cautionary instruction under *Warren* was required. We note also that no cautionary instruction was requested by counsel for the appellant at the trial in this case.

Finally, the defense claims the State's cross-examination of the defendant improperly implied that he had a burden to bring forth evidence to prove his innocence. In an apparent attempt to

explain the existence of his fingerprint in the victim's apartment, the defendant took the stand and testified that he had been employed by a pest control service operating in this general area of the city. On cross-examination, the State's attorney inquired into the existence of records which would establish the defendant's presence in the house in the course of his employment. The defendant argues this line of questioning shifted the burden to him to produce evidence to prove his innocence. We think the line of questioning did nothing more than explore an area opened up by the defendant on direct examination. When the defendant partially explains a subject on direct examination, the prosecutor on cross-examination may explore that subject further. *State v. Morris,* 208 Kan. 464, 467, 493 P.2d 274 (1972); *State v. Burnett,* 4 Kan. App. 2d 236, 604 P.2d 284 (1979).

The decision of the lower court is affirmed.