STATE of Iowa, Appellee,

v.

Steven Leon TOBIN, Appellant.

No. 68640.

Supreme Court of Iowa.

Oct. 19, 1983.

Charles L. Harrington, Appellate Defender, and Patrick R. Grady, Asst. Appellate Defender, Des Moines, for appellant.

Thomas J. Miller, Atty. Gen., and Marcia Mason, Asst. Atty. Gen., for appellee.

Considered by UHLENHOPP, P.J., and HARRIS, McCORMICK, LARSON, and SCHULTZ, JJ.

LARSON, Justice.

Steven Leon Tobin appeals from his conviction of theft in the second degree in violation of Iowa Code section 714.2(2) (1981).

At trial, Andrew Terlouw, an employee of Younkers at Lindale Mall in Cedar Rapids, testified that on January 6, 1982, at approximately 7 p.m., he saw a black male approaching the store's exit with an armload of coats. Terlouw gave chase, and the suspect fled to the parking lot. Terlouw lost the suspect but was informed that he had fled toward a nearby cemetery. The coats were subsequently found in the cemetery. The suspect escaped.

Tobin was identified as the suspect, arrested, and convicted after a jury trial. He raises two issues in this appeal. First, he claims the trial judge erred in not granting his motion for a mistrial following prosecution questions before the jury which Tobin claims were improper and prejudicial. Second, Tobin asserts the trial judge committed reversible error by refusing to give a *"Telfaire"* jury instruction on eyewitness identification. We affirm.

■ I. The questions and statements by the prosecution to which Tobin objects do not constitute reversible error. Their impact was at most ambiguous and any potential problem was purged by the court's admonishment to the jury.

■ II. Tobin's defense was basically alibi, that the eyewitnesses who identified him as the perpetrator were mistaken. Arguing that eyewitness identifications are inherently untrustworthy, Tobin proposed a jury instruction modeled after that suggested in *U.S. v. Telfaire,* 469 F.2d 552, 558 (D.C.Cir.1972). The *Telfaire* instruction reminds jurors that "[o]ne of the most important issues in this case is the identification of the defendant as the perpetrator of the crime" and that identity must be proven beyond a reasonable doubt. It advises that many factors should be taken into account in evaluating identification testimony, including capacity and opportunity to observe, circumstances under which the initial and subsequent identifications were made, length of time between the event and the identification, subsequent ability or inability to identify, and credibility. Tobin asks us to adopt the *Telfaire* instruction and join those courts which in some circumstances require or strongly encourage the use of such an instruction. *E.g., U.S. v. Cain,* 616 F.2d 1056, 1058 (8th Cir.1980); *U.S. v. Hodges,* 515 F.2d 650 (7th Cir.1975); *U.S. v. Holley,* 502 F.2d 273 (4th Cir.1974); *State v. Warren,* 230 Kan. 385, 635 P.2d 1236 (1981); *Commonwealth v. Rodriguez,* 378 Mass. 296, 391 N.E.2d 889 (1979).

In the present case, the court included an instruction pertaining to the credibility of witnesses, which would include the State's eyewitness identifications. *See State v. Wright,* 274 N.W.2d 307 (Iowa 1979). The court also instructed the jury that it must find that "the accused was present at the time and place the alleged offense was committed."

Other courts, in assessing the need for the *Telfaire* instruction, have looked at the entire record to determine whether other, independent, evidence supports the eyewitness testimony and whether the indicia of reliability of the eyewitnesses are relatively strong. In the presence of these factors, the need for the *Telfaire* instruction is proportionately reduced. *See, e.g., U.S. v. Montelbano,* 605 F.2d 56, 58 (2d Cir.1979) (reliable identification, corroborating circumstantial evidence, false exculpatory evidence, prior similar act evidence); *U.S. v. Kavanagh,* 572 F.2d 9 (1st Cir.1978) (focus on identification during cross-examination, corroborating fingerprint and circumstantial evidence); *State v. Bagby,* 231 Kan. 176, 642 P.2d 993 (1982) (reliable identification, corroborative evidence, no defense request for the instruction).

Here, the identification evidence was substantial. Terlouw had a clear view of the suspect under good lighting. He was alerted by the suspect's behavior to note his appearance. Later, in a procedure that was not suggestive, he picked Tobin's picture from an array of thirteen presented and was sure of his identification.

Another witness, also present in Younkers and to whom Steven Tobin had been pointed out several years before, identified him as someone she had seen before. When she was later able to remember his name, she called the police. She subsequently picked Tobin's picture out of an array in a procedure similar to that used with Terlouw. Other evidence did not undercut these identifications.

Further, corroborating evidence supporting the identifications was present in the form of testimony regarding an unattended car found with the door ajar and the engine running at the curb just outside the Younkers' exit doors. Tobin had access to the car, which belonged to his mother.

While we do not discourage the use of the *Telfaire* instruction, refusal to give it under the circumstances of this case was not reversible error.

AFFIRMED.