STATE of Iowa, Appellee,

v.

Chad Douglas HOHLE, Appellant.

No. 92–1041.

Supreme Court of Iowa.

Jan. 19, 1994.

Linda Del Gallo, State Appellate Defender, and Patricia J. Cone–Fisher, Asst. State Appellate Defender, for appellant.

Bonnie J. Campbell, Atty. Gen., Chris Odell, Asst. Atty. Gen., J. Patrick White, County Atty., and Kelly G. Raines, Asst. County Atty., for appellee.

Considered by McGIVERIN, C.J., and HARRIS, CARTER, NEUMAN, and ANDREASEN, JJ.

HARRIS, Justice.

Defendant Chad Douglas Hohle assigns two errors in his appeal following convictions of two counts of assault. The court of appeals found merit in one of them and reversed Hohle's convictions. We find no merit in either assignment and hence vacate the court of appeals decision and affirm the convictions.

Victim of one of the assaults was Brian Lumbard who had spent an evening with friends in an Iowa City bar. They left at closing time in the early morning hours. Other bars were then closed or closing so

that a large number of bar patrons crowded the downtown sidewalks.

After speaking with friends milling about in the area, Lumbard began making his way through the crowd when he accidentally bumped into a young woman. He apologized and moved on. The defendant, Chad Hohle, was standing next to the woman and confronted Lumbard. After Lumbard attempted to speak with him, Hohle threw Lumbard against a car. Lumbard fell to the ground, landing on a broken bottle which lacerated his knee.

Victim of a related assault was Bryan Gourdie, a friend of Lumbard. Gourdie had lost track of Lumbard in the crowd but turned at this point to see him on the ground and surrounded by four or five young men. Gourdie ran behind the car and pulled Lumbard over the hood to extricate him from the situation.

Gourdie and Lumbard then proceeded to walk down the sidewalk away from the group when Hohle and the group of men again confronted them. At this point one of the men tackled Lumbard and knocked him back several feet. Someone struck Gourdie on the left temple and then Hohle hit him on the right eye. Gourdie was then struck again on the right temple. After falling to the ground, Gourdie was kicked in the face and thigh before he fainted.

Hohle was arrested after the crowd of spectators identified him as the instigator of the fight. He was charged by trial information with two counts of assault under Iowa Code sections 708.1 and 708.2(2) (1991). The first count involved the second attack, the one on Gourdie. Count II referred to the initial assault on Lumbard. Hohle was found guilty on both counts by a jury and appeals from those convictions.

■ I. Hohle contends the jury was improperly instructed concerning joint criminal conduct, a challenge that relates only to count I. He was charged with assault in violation of Iowa Code section 708.2(2), the assault provision, applied to him pursuant to Iowa Code section 703.2, the joint criminal activity provision.[1] According to Gourdie's testimony, he was struck by the defendant at least once, then struck twice and kicked twice by Hohle and another or others acting in concert with him. This concerted activity gave rise to the joint activity charge.

■ Under this record the trial court felt prompted, pursuant to Iowa Code section 703.2, to instruct on the effect of joint criminal activity.[2] Hohle complains that the instruction was inappropriate, citing *State v. Irvin*, 334 N.W.2d 312 (Iowa App.1983). In *Irvin*, the court of appeals correctly listed these elements for imposing joint criminal liability:

1. Defendant must be acting in concert with another.

2. Defendant must knowingly be participating in a public offense.

3. A "different crime" must be committed by another participant in furtherance of defendant's offense.

4. The commission of the different crime must be reasonably foreseen.

*Id.* at 314 (citing J. Yeager & R. Carlson, *Criminal Law and Procedure* § 63 (1979)). Hohle argues, because all attackers engaged in the same assault, that no "different crime" was committed and therefore no joint criminal activity existed. Hohle contends he

---

1. Iowa Code § 703.2 reads as follows:

   When two or more persons, acting in concert, knowingly participate in a public offense, each is responsible for the acts of the other done in furtherance of the commission of the offense or escape therefrom, and each person's guilt will be the same as that of the person so acting, unless the act was one which the person could not reasonably expect to be done in the furtherance of the commission of the offense.

2. The district court's jury instruction No. 8, taken verbatim from Iowa criminal jury instruction 200.7 of the Iowa state bar association, was as follows:

   When two or more persons act together and knowingly commit a crime, each is responsible for the other's acts during the commission of the crime or escape from the scene. The defendant's guilt is the same as the other person's unless the act could not reasonably be expected to be done in aiding the commission of the crime.

should have been charged only with aiding and abetting. *See* Iowa Code § 703.1.

We agree with the district court and the court of appeals that the evidence supported the charge of joint criminal activity. The friends who had accompanied Hohle, acting together, surrounded Gourdie and assaulted him in Hohle's presence. Each assault, although occurring at about the same time, could have constituted a separate crime. The friends accompanying Hohle acted to restrain Gourdie while Hohle assaulted him. This restraint indicated that the friends acted "in furtherance" of Hohle's crime. During the course of this restraint one or more of the group also assaulted Gourdie. These assaults provided evidence of a crime which a jury could have vicariously imputed to Hohle through the joint criminal activity instruction.

There is no merit in Hohle's challenge to the joint criminal activity instruction.

■ II. Hohle's other assignment assails the trial court's refusal to instruct the jury concerning eyewitness identification testimony. This challenge relates to both counts. At the close of trial Hohle requested the giving of Iowa criminal jury instruction 200.-45, an approved instruction that informs the jury concerning the special importance of eyewitness identification and delineates methods of testing it. The instruction is in accordance with the holding in *United States v. Telfaire*, 469 F.2d 552 (D.C.Cir.1972), and reminds jurors that "[o]ne of the most important issues in this case is the identification of the defendant as the perpetrator of the crime" and that identity must be proven beyond a reasonable doubt. *Id.* at 558. The trial court, in rejecting the request, considered the subject adequately covered in the basic and more general instruction on credibility of witnesses. *See* Iowa criminal jury instruction 100.7.

We considered a similar challenge in *State v. Tobin*, 338 N.W.2d 879 (Iowa 1983). Tobin's request of the *Telfaire* eyewitness instruction was also rejected on the same basis; the general credibility instruction was deemed sufficient. In considering the challenge we said we looked

at the entire record to determine whether other, independent, evidence supports the eyewitness testimony and whether the indicia of reliability of the eyewitnesses are relatively strong. In the presence of these factors, the need for the *Telfaire* instruction is proportionately reduced.

*Tobin*, 338 N.W.2d at 881 (citations omitted).

We found no error, noting that the eyewitness had a clear view of the suspect under good lighting, he was alerted by the suspect's behavior to note his appearance, and he picked the defendant's photo from a lineup of fourteen pictures. We also noted that the testimony was corroborated by other circumstantial evidence.

We think the present case is controlled by our holding in *Tobin*. As pointed out in the dissenting court of appeals opinion, there was no serious issue with regard to the identification of Hohle as the perpetrator of the acts. Gourdie and his friends gave the same description of Hohle. Members of the crowd also described Hohle to the police. The police testified that Hohle was the only person in the crowd matching the description. Hohle even had blood on his shirt at the time of his apprehension. There was also testimony that Hohle had shoulder-length blond hair and was wearing a distinctive shirt at the time of the attack.

It is also significant that neither Hohle nor his witnesses dispute Hohle's identification; they only testified that Hohle was not the instigator of the assault. To the degree any uncertainty could be said to exist, the district court's instruction to the jury on the credibility of witnesses was adequate. The trial court was correct in so holding.

**DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED.**