# IN THE COURT OF APPEALS OF IOWA

No. 14-1328
Filed October 26, 2016

**TIMOTHY PALMER,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Polk County, Mary Pat Gunderson,

Judge.


        Applicant appeals the district court's decision granting the State's motion

for summary judgment and denying his application for postconviction relief.

**AFFIRMED.**


        Jeremy M. Evans of Sporer & Flanagan, P.L.L.C., Des Moines, for

appellant.

        Thomas J. Miller, Attorney General, Richard J. Bennett, Assistant Attorney

General, for appellee State.


        Considered by Danilson, C.J., Mullins, J., and Goodhue, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**GOODHUE, Senior Judge.**

Timothy Palmer appeals from the district court's grant of the State's motion for summary judgment and dismissal of his sixth request for postconviction relief (PCR).

## I.     Background Facts and Proceedings

Timothy Palmer was convicted by a jury of first-degree murder and first-degree robbery and was sentenced to a life sentence and twenty-five years, respectively, on November 22, 1995.  Palmer appealed, and on June 26, 1997, his conviction was affirmed by the Iowa Court of Appeals.  *See State v. Palmer*, 569 N.W.2d 614, 618 (Iowa Ct. App. 1997).  The factual background leading to the charges and conviction are set out in the opinion affirming his conviction in the direct appeal.  *Id.* at 615.  There is no reason to repeat them in this proceeding.

Palmer filed this, his sixth PCR application, on May 9, 2013.  The State filed a motion for summary judgment, asking that Palmer's petition be dismissed. The motion was granted based on the following findings: (1) the issues raised in the sixth PCR had already been raised in previous PCRs or in the direct appeal, and (2) the three-year statute of limitations relative to PCR claims had expired. *See* Iowa Code § 822.3 (2013).  Palmer contends he is raising "new grounds of law" that could not have been raised within the applicable time period or in his previous PCRs and he is therefore excused from the three-year statute of limitations.  *See id.*

The issues which Palmer claims constitute new law are as follows.  First, the instructions relative to joint criminal conduct given to the jury were

determined to be inadequate in a subsequent case and constitute a change of law. *See State v. Smith*, 739 N.W.2d 289, 293-94 (Iowa 2007). The instructions given in Palmer's trial regarding the charge of joint criminal conduct did not include an instruction that "a 'different crime' must be committed by another participant in furtherance of the defendant's offense," as required by *Smith. See id.* at 294. Second, the access to mental health records of a witness as set out by *State v. Cashen*, 789 N.W.2d 400, 408-10 (Iowa 2010), and later by Iowa Code section 622.10(4)(a), which took effect on March 30, 2011, were not available to him at the time of trial. One of the co-defendants that testified against Palmer is alleged to have sought medical services for her mental health problems and had a juvenile record. Palmer asserts that at the time of his trial, he could not have discovered the mental health records of the witness because of the confidentiality provisions of professional communications provided by Iowa Code section 622.10.

**II.     Error Preservation**

The State does not contest error preservation.

**III.    Standard of Review**

A district court's ruling on postconviction relief actions is ordinarily reviewed for errors of law. *Harrington v. State,* 659 N.W.2d 509, 519 (Iowa 2003).

**IV.    Merits**

**A.  Joint Criminal Conduct Instructions**

Palmer relies exclusively on *Smith,* 739 N.W.2d at 295, for his contention the case set forth a new law that creates an exception to the three-year statute of

limitations for PCR actions.  In *Smith*, 739 N.W.2d at 294, the court explicitly stated that the instruction clarification it directed to be used in future joint-criminal-conduct cases was an expression of current or preexisting law and did not constitute new law.  Although trial courts were not previously expressly directed to include as an element of joint criminal conduct the language set out in *Smith*, the concept was clearly set out prior to the date of Palmer's trial.  *See State v. Hohle,* 510 N.W.2d 847, 848 (Iowa 1994).  *Smith* did not create new law. It was instead a clarification of the instructions to be used in future cases.

This is not a case like *Nguyen v. State,* 829 N.W.2d 183, 188 (Iowa 2013), where a change of law was held to have taken place.  In *Nguyen*, the court held that the elimination of willful injury as a predicate felony for application of the felony-murder rule as set out in *State v. Heemstra*, 721 N.W.2d 549, 558 (Iowa 2006), was, in fact, a change of law.  *Nguyen*, 829 N.W.2d at 188.  The felony-murder instruction had been repeatedly upheld until *Heemstra.  Id.*  Furthermore, in the direct appeal, Palmer had already raised an issue as to the joint-criminal-conduct instruction.  *Palmer,* 569 N.W.2d at 618.  The instructions as used were not considered prejudicial or reversible error in the direct appeal.  *Id.*

### B. The Mental Health Records of a Witness

Once again, neither *Cashen*, 789 N.W.2d at 408-10, nor Iowa Code section 622.10(4)(a), created new law.  Mental health records were available prior to *Cashen*.  *See Heemstra,* 721 N.W.2d at 563; *Chidester v. Needles*, 353 N.W.2d 849, 852 (Iowa 1984).  *Cashen* and Iowa Code section 622.10(4)(a) set out procedures required to be used to make privileged records available and did not set out new substantive law.  Arguably, the procedures required, as set out

by *Cashen* and then by Iowa Code section 622.10(4)(a), made it more difficult to obtain mental health records than before the specific procedures were adopted. Furthermore, Palmer raised the witnesses' juvenile records in one of his previous PCRs and his request for relief because of his inability to obtain those records was denied. *See Palmer v. State*, No. 10-1615, 2011 WL 5867055, at *4-5 (Iowa Ct. App. Nov. 23, 2011).

## C. Ineffective Assistance of Counsel

To the extent Palmer claims ineffective assistance of counsel negates the three-year statute of limitations, his claim is denied. A claim alleging ineffective assistance of counsel does not save a PCR application from being time barred under the three-year rule. *Whitsel v. State*, 525 N.W.2d 860, 864-65 (Iowa 1994).

## V. Palmer's Pro Se Brief

In addition to the two issues already discussed, Palmer in his pro se brief objects to the summary disposition of his petition. He claims that by doing so the court ignored his motion for discovery, motion for relief because of the State's failure to file an answer, and his motion to continue. The State may respond to a PCR petition by motion as opposed to an answer. Iowa Code § 822.6. The motion may be a motion for summary judgment when no issue of material fact appears. *Id.* An order entered January 24, 2014, set a hearing for March 25. Palmer filed a resistance to the motion for summary judgment on March 7, indicating that he had time to create a response. The State's motion for summary disposition was based on the three-year limitation for such proceedings and on the fact the issues Palmer was asserting had been decided either on

direct appeal or in a previous PCR. The facts clearly supported the State's position. Palmer's conviction, appeal, and prior PCRs and the decisions rendered therein were all items of which judicial notice could be taken. *See* Iowa R. Evid. 5.201. Palmer did not object when the State asked the court to take judicial notice of the above items. Palmer, in effect, was granted time to resist the motion and a resistance was in fact filed. An answer was also filed by the State at a later date. The postconviction court's grant of the State's motion for summary judgment made further proceedings unnecessary.

## VI.    Conclusion

The summary disposition made by the postconviction court is in all respects affirmed.

**AFFIRMED.**