# IN THE COURT OF APPEALS OF IOWA

No.16-0329
Filed April 5, 2017

**CASEY DIXON,**
　　　　Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
　　　　Respondent-Appellee.
_____

　　　　Appeal from the Iowa District Court for Scott County, Thomas G. Reidel,

Judge.


　　　　Casey Dixon appeals from the denial of his application for postconviction

relief. **AFFIRMED.**



　　　　Courtney T. Wilson of Gomez May L.L.P., Davenport, for appellant.

　　　　Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant

Attorney General, for appellee State.



　　　　Considered by Danilson, C.J., and Vogel and Vaitheswaran, JJ.

**VAITHESWARAN, Judge.**

Two Davenport convenience stores were robbed within four days. The State charged Casey Dixon with two counts of second-degree robbery, and a jury found him guilty as charged. Dixon filed a direct appeal, which was dismissed as frivolous. Dixon then filed an application for postconviction relief. The district court denied the application following an evidentiary hearing.

On appeal, Dixon argues his trial attorney was ineffective in failing to (1) file a motion to sever the two robbery counts; (2) adequately impeach a State witness; (3) file a motion to suppress evidence; and (4) request an eyewitness identification instruction. To succeed, Dixon must show (1) his attorney's "performance was deficient" and (2) prejudice resulted. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Our review is de novo. *Dempsey v. State*, 860 N.W.2d 860, 868 (Iowa 2015).

## I.  Motion to Sever

Dixon contends his trial attorney should have moved to sever the two robbery charges based on the "lack of similarities between" them. He asserts the robberies "were not in geographic proximity to one another, being over six miles apart, and the robberies occurred four days apart."

Iowa Rule of Criminal Procedure 2.6(1) permits the prosecution of two or more public offenses in a single trial if the offenses "ar[o]se from the same transaction or occurrence or from two or more transactions or occurrences constituting parts of a common scheme or plan." "A common scheme or plan requires more than the commission of two similar transgressions by a single person." *State v. Oetken*, 613 N.W.2d 679, 688 (Iowa 2000).

Assuming without deciding Dixon's trial attorney breached an essential duty in failing to move for severance of the two charges, there is no reasonable probability of a different outcome. The jury was instructed on how to consider multiple counts. *See State v. Burrage*, No. 09-1042, 2010 WL 2757345, at *5 (Iowa Ct. App. July 14, 2010) (finding no prejudice where the State elicited testimony concerning the reliability of eyewitness testimony and the marshalling instruction informed the jury of the State's burden of proof); *State v. Ford*, No. 02-1056, 2004 WL 1898240, at *2 (Iowa Ct. App. Aug. 26, 2004) (noting eyewitness instruction was unnecessary where the jury received a general instruction on the credibility of witnesses). In addition, the record contains overwhelming evidence of guilt. *See State v. Carey*, 709 N.W.2d 547, 559 (Iowa 2006) ("The most important factor under the test for prejudice is the strength of the State's case."); *Wemark v. State*, 602 N.W.2d 810, 817-18 (Iowa 1999) (finding no prejudice where overwhelming evidence supported certain elements of the crime).

The cashier at the first convenience store testified a man entered the store with a gun and bag as she was about to close up, he robbed the store of $166 and cartons of Newport cigarettes, and he stole her purse, which contained various items, including an MP3 player. Davenport police officers subsequently retrieved the MP3 player from the van in which Dixon was riding. The cashier conclusively identified it as hers based on a serial number matching the number on her owners' manual. Davenport officers also retrieved a bag covered with basketball team logos. The cashier recognized the bag as the bag brought into the store. Officers found Dixon's identification cards inside the bag, Newport cigarette cartons in the van, and Dixon hiding near the vehicle.

The cashier at the second convenience store testified to a robbery in which cash and cigarettes were stolen. Included in the stolen cash was a $2 bill, which an employee testified was "bait" money. The bill was found with Dixon.

Based on this overwhelming evidence of guilt, we conclude Dixon could not establish *Strickland* prejudice.

## II.     Cross-examination

Dixon contends his trial attorney was ineffective in "failing to adequately impeach a state witness." He argues his attorney should have culled through hours of jailhouse recordings for impeachable statements the witness may have made. In fact, his attorney questioned the witness about certain statements made in those recordings. Dixon does not identify any additional portions of the recordings that might have impugned the credibility of the witness. In the absence of specificity, we conclude Dixon failed to establish counsel's breach of an essential duty.

## III.     Motion to Suppress

Dixon contends his trial attorney was ineffective in failing to file a motion to suppress evidence gained during the search of a vehicle in which Dixon was riding. He relies on the Iowa Supreme Court's opinion in *State v. Gaskins*, 866 N.W.2d 1 (Iowa 2015). The court there held a search of a safe inside a vehicle was not a valid search incident to arrest under article I, section 8 of the Iowa Constitution. *Gaskins*, 866 N.W.2d at 14.

There is no indication in this record that the officer's search of the vehicle was incident to Dixon's arrest. A Davenport officer testified she chased a vehicle and saw the driver and passenger jump out and head in different directions. She

began running after the driver and then decided to return to the vehicle and conduct a search. Although she informed other officers to pursue the fleeing occupants, she did not explain when they were arrested in relation to her search of the vehicle. *Gaskins* is inapposite.

*Gaskins* does not control the disposition for an additional reason. The opinion was filed several years after Dixon was charged and the opinion overruled extant precedent. *Id.* at 15-16 (overruling *State v. Sanders*, 312 N.W.2d 534, 539 (Iowa 1981)). Dixon concedes his attorney was not charged with clairvoyance. We conclude counsel breached no essential duty in failing to predict the holding of *Gaskins*, determine it applied to Dixon's circumstances, and file a motion to suppress.

### IV. Jury Instruction

Dixon contends his attorney was ineffective in failing to request an eyewitness identification instruction. *See United States v. Telfaire*, 469 F.2d 552, 555 (D.C. Cir. 1972) ("[W]e have pointed out the importance of and need for a special instruction on the key issue of identification, which emphasizes to the jury the need for finding that the circumstances of the identification are convincing beyond a reasonable doubt."); *State v. Hohle*, 510 N.W.2d 847, 849 (Iowa 1994) (stating such an eyewitness instruction is in accordance with *Telfaire*). In *Hohle*, the court held the subject encompassed in a *Telfaire* instruction was adequately covered in these instructions. *Hohle*, 510 N.W.2d at 849. Here, the jury received a reasonable doubt instruction and a credibility instruction. Accordingly, we conclude counsel did not breach an essential duty in failing to seek a *Telfaire* instruction.

We affirm the district court's denial of Dixon's postconviction relief application.

**AFFIRMED.**